■ In the Matter of ANN T. BIRCH, Petitioner, v. JOHN P. LOMENZO, as Secretary of State of the State of New York, Respondent. (Proceeding No. 1.) In the Matter of DOMINICK A. RAGONE, Petitioner, v. JOHN P. LOMENZO, as Sec-

retary of State of the State of New York, Respondent. (Proceeding No. 2.) — Consolidated proceedings pursuant to CPLR article 78 to review and annul respondent's determination, made after a hearing, which revoked petitioner Birch's real estate broker's license and petitioner Ragone's real estate salesman's license. Determination as to Birch modified, on the law, so as to reduce the punishment to a 10-day suspension of her license; and as so modified, determination as to her confirmed, without costs. Determination as to Ragone annulled, on the law, with costs. Respondent's determination that petitioner Ragone "practiced discrimination" is not supported by substantial evidence (see *Matter of Kamper* v. *Department of State of State of N. Y.*, 26 A D 2d 697, affd. 22 N Y 2d 690). The finding of "untrustworthiness" as to him (Real Property Law, § 441-c, subd. 1) is based on the premise that he engaged in racial discrimination in failing to "accord equal treatment" to the complainant, who is "of the Negro Race". However, Ragone had no direct connection with the transaction in question and as to him the other "proof is insufficient and insubstantial" (*Matter of Chiaino* v. *Lomenzo*, 26 A D 2d 469, 473). As to petitioner Birch, the evidence, if most strongly construed against her, merely established that she failed to show an apartment to the complainant because another person had previously expressed an interest in it. Moreover, the apartment in fact was not available since the landlord had already rented it to a third person who had seen it prior to any of petitioners' clients. While respondent must establish a "Knowledgeable violation of State law and policy" (*Matter of Diona* v. *Lomenzo*, 26 A D 2d 473, 477), it has wide discretion in determining what conduct constitutes "untrustworthiness" under the statute. It has been recognized that "there should be such factual presentation concerning acts or conduct by the licensee or his agent as would warrant a conclusion of unreliability, and which establishes that any confidence or reasonable expectation of fair dealing to the general public would be misplaced" (*Matter of Chiaino* v. *Lomenzo*, 26 A D 2d 469, 472, *supra*). Accordingly, respondent could properly conclude that Birch had failed to "accord equal treatment" to the complainant and was guilty of "untrustworthiness". Nevertheless, under the circumstances herein where we have a single offense and a first offender, the punishment imposed is so disproportionate to the offense as to be shocking to one's sense of fairness (*Matter of Stolz* v. *Board of Regents of Univ. of State of N. Y.*, 4 A D 2d 361). The determination as to Birch should be modified so as to impose a 10-day suspension of her real estate broker's license. Christ, Acting P. J., Brennan, Rabin, Hopkins and Munder, JJ., concur.