■ RICHARD E. SMITH, SR., Petitioner, v. JOHN P. LOMENZO, as Secretary of State, Respondent.— Determination unanimously annulled, with $50 costs. Memorandum: Petitioner's real estate broker's license has been suspended under section 442-c of the Real Property Law, which imposes responsibility upon a broker for a statutory violation by a salesman if the broker has actual knowledge of the violation or retains the benefits, profits or proceeds of a transaction wrongfully negotiated by his salesman after notice of the salesman's misconduct. The hearing officer made a finding that actual knowledge by petitioner of his salesman's wrongdoing had not been established. Although there was a finding that petitioner had retained commissions on the rental of the premises with respect to which the alleged discrimination occurred, there was no finding that the retention was with notice of the salesman's misconduct. The record in fact is insufficient to establish that petitioner retained the benefits, profits or proceeds of a transaction wrongfully negotiated by his salesman after notice of his salesman's misconduct within the meaning of section 442-c of the Real Property Law, such that responsibility could be imposed on the broker under that section. (Review of determination suspending real estate license, transferred by order of Erie Special Term.) Present — Del Vecchio, J. P., Marsh, Gabrielli, Moule and Bastow, JJ.

■ DANIEL LEVINE, Appellant, v. BEATRICE R. O'MALLEY et al., Respondents.— Order reversed, with costs to appellant against respondent, 2380 Delaware, Inc., and motion denied. Memorandum: The portion of the amended complaint that was dismissed by the order appealed from stated a recognizable cause of action — that respondent, 2380 Delaware, Inc., intentionally and unjustifiably committed acts that interfered with existing contractual rights between appellant and the codefendant. (*Hornstein* v. *Podwitz*, 254 N. Y. 443; see generally 5 Carmody-Wait 2d, New York Practice, § 29:760.) Furthermore, plaintiff has standing to seek relief by this independent action from the judgment decreeing specific performance of the contract between defendants 2380 Delaware, Inc. and Mrs. O'Malley. (CPLR 5015; 5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5015.13; *Bardach* v. *Mayfair-Flushing Corp.*, 49 Misc 2d 380, 383, affd. 26 A D 2d 620.) Although CPLR 5015 (subd. [a], par. 3) does not so specify the Advisory Committee's notes (3 Advisory Comm. Rep. on Practice and Procedure, p. 204 [1959]) make it clear that the fraud forming the basis for relief may be either extrinsic or intrinsic (5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5015.09). All concur, Moule, J., not participating. (Appeal from order of Erie Special Term granting motion to dismiss part of complaint in action to set aside deed.) Present — Del Vecchio, J. P., Marsh, Gabrielli, Moule and Bastow, JJ.