In the Matter of GERALD COTTER. Petitioner. v. JOHN P. LOMENZO, as Secretary of State. et al.. Respondents. In the Matter of ABRAHAM SHATZMAN. Petitioner. v. JOHN P. LOMENZO. as Secretary of State. et al.. Respondents. In the Matter of HERBERT STROH. Petitioner. v. JOHN P. LOMENZO. as Secretary of State. et al.. Respondents.—

742

In my opinion, petitioners had a right to make their application directly without anticipating that they had at that posture reached a point of no return and that they would not be afforded an opportunity to retain other counsel if their request for a further adjournment were denied. It appears to me that petitioner Cotter, who was not present because of his wife's illness, and petitioner Shatzman were not meaningfully and officially alerted with respect to the risk they would run if they persisted in not seeking other counsel to represent them. Accordingly, I conclude that the failure of the hearing officer to afford petitioners one final opportunity to retain other counsel, coupled with the fact that he proceeded with the second session of the hearing after having been apprised that petitioners had no notice thereof, offended due process and was tantamount to a deprivation of petitioners' right to counsel. Decisional law has evolved to the point of recognizing that such a right exists in administrative as well as criminal proceedings (cf. *People ex rel. Menechino* v. *Warden*, 27 N Y 2d 376; *Matter of New York State Comm. for Human Rights* v. *Landau Inds.*, 57 Misc 2d 918, 923–924). It has accordingly become an integral part of our concept of due process which has long been considered applicable to proceedings involving the deprivation of one's life, liberty or property, whether it be judicial, administrative or executive in nature (*Stuart* v. *Palmer*, 74 N. Y. 183, 190–191; *Matter of Vinson* v. *Greenburgh Housing Auth.*, 29 A D 2d 338, 341, affd. 27 N Y 2d 675). The opportunity to be heard would be of little, if any, avail if it did not include the right to be heard by counsel (*Matter of Williams* v. *White Plains Housing Auth.*, 62 Misc 2d 613, 619, affd. 35 A D 2d 965).