■ FRANCIS W. PRICE et al., Appellants, v CITIES SERVICE OIL COMPANY et al., Respondents.—Appeals from (1) an order of the Supreme Court at Special Term, entered August 30, 1977 in Broome County, which granted summary judgment in favor of defendant Binghamton Oil Company, dismissing the complaint, and (2) an order of the Supreme Court at Special Term, entered September 20, 1977 in Broome County, which granted summary judgment in favor of defendants Cities Service Company and Cities Service Oil Company, dismissing the complaint. This is an action for personal injuries and loss of services arising out of an automobile accident and based on negligence, breach of warranty and products liability. Plaintiffs' son purchased the automobile in question from West Windsor Citgo,

---

Inc. (West Windsor). The latter also performed repair work on the automobile, including the replacement of the motor, transmission and carburetor. The accident was allegedly caused by a malfunction of the carburetor. Initially, plaintiffs brought an action against West Windsor. That action and the present one have not been joined or consolidated. The causes of action against the instant defendants are based upon the alleged existence of an agency relationship between West Windsor and defendants. Special Term concluded there was no such agency relationship and granted summary judgment to all three defendants. This appeal ensued. The critical factor is the control or the right to control by defendants of the manner in which the service station was operated. As to defendant Binghamton Oil Company, the record reveals that it subleased the premises to West Windsor. It also sold Citgo gas and oil products to West Windsor and provided West Windsor with maps bearing the Citgo Logo and promotional devices. The lease provided in clear language that Binghamton Oil Company was to have no control over the conduct or management of the business of West Windsor and further stated that neither the lessee nor any person engaged in any work on the premises at the request of the lessee shall be deemed an employee or agent of the lessor. The record is also devoid of any proof that Binghamton Oil Company exercised any control as to service work performed on the premises, such as the installation of the motor or carburetor in question. Considering the record in its entirety and, specifically, the fact that the negligence of West Windsor is based on the installation and inspection of the carburetor, we are of the view that Special Term properly granted summary judgment and there should be an affirmance (see *Smith v Cities Serv. Oil Co.,* 346 F2d 349). Passing to the issue of the liability of Cities Service Company and Cities Service Oil Company, we arrive at the same conclusion. While West Windsor accepted Citgo credit cards and displayed Citgo signs, sold Citgo gas and oil, such factors merely indicate that Citgo products were sold at the station *(Coe v Esau,* 377 P2d 815 [Okla]). The carburetor and the engine installed in the vehicle were not purchased from Cities Service Oil Company or Cities Service Company. The record, in our view, fails to reveal any control or supervision by Cities Service Oil Company or Cities Service Company over West Windsor's operations. The cases relied upon by plaintiffs for reversal are clearly factually distinguishable. The orders should be affirmed. Orders affirmed, with one bill of costs. Mahoney, P. J., Sweeney, Kane and Herlihy, JJ., concur; Main, J., not taking part.