■ JOHN J. AHL, JR., as Administrator of the Estate of JOHN J. AHL, III, Deceased, Respondent, v ROBERT MARTIN, Defendant, and C. F. M. ENTERPRISES, INC., et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Pitt, J.), entered February 1, 1980 in Saratoga County, which denied a motion by defendant C. F. M. Enterprises, Inc., and Convenient Food Mart, Inc., for summary judgment dismissing the complaint. Plaintiff seeks damages for the wrongful death and conscious pain and suffering of his intestate, a minor, who died from injuries sustained when the vehicle in which he was riding left the road and struck a tree. The complaint asserts that the driver of the vehicle, also a minor, was intoxicated at the time of the accident and that the defendant Robert Martin, as operator of the Convenient Food Mart franchise in the Village of Ballston Spa, sold alcoholic beverage to the driver on the evening of the accident. Defendant C. F. M. Enterprises, Inc., the regional franchisor of Convenient Food Mart stores in upstate New York, and defendant Convenient Food Mart, Inc., the national licensor of Convenient Food Mart stores, moved for summary judgment dismissing the complaint against them upon the grounds that defendant Martin was an independent contractor, rather than an employee or agent, and that there was no proof to substantiate plaintiff's claim that defendant Martin sold alcoholic beverage to the driver. Special Term denied the motion and this appeal ensued. As to whether the moving defendants can be held liable for the acts of their franchisee, "The critical factor is the control or the right to control by defendants of the manner in which the [store] was operated" *(Price v Cities Serv. Oil Co.,* 71 AD2d 700, 701). When the facts pertaining to the existence or nonexistence of the agency are disputed, or when conflicting inferences may be drawn from the evidence, the question is one for the trier of fact *(Hedeman v Fairbanks, Morse & Co.,* 286 NY 240, 248-249; *Garcia v Herald Tribune Fresh Air Fund,* 51 AD2d 897). An examination of the affidavits, franchise agreements and other exhibits submitted by the parties establishes the existence of disputed facts and conflicting inferences regarding the degree of control and right to control by the moving defendants over the operation of the store at which the driver allegedly purchased alcoholic beverage. Accordingly, Special Term properly denied defendants' motion for summary judgment on this ground. As to the second ground presented by defendants, we note that the moving party must "establish his cause of action or defense 'sufficiently to warrant the court as a matter of law in directing judgment' in his favor (CPLR 3212, subd [b]), and he must do so by tender of evidentiary proof in admissible form" *(Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067). "[A]nything less requires a denial of the motion, even where the opposing papers are insufficient" *(Greenberg v Manlon Realty,* 43 AD2d 968, 969). In support of their motion, defendants have submitted no evidentiary proof in admissible form to establish that plaintiff's intestate did not purchase alcoholic beverage at defendant Martin's store on the evening of the accident. Rather, defendants' attorney has alleged only that plaintiff has no evidence to substantiate his claim. Special Term's order denying defendants' motion for summary judgment should be affirmed. Order affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.