■ PIUS REALTY, LTD., et al., Petitioners, v BASIL A. PATERSON, as Secretary of State of the State of New York, Respondent. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent dated September 25, 1980 and made after a hearing, which found that petitioners, a real estate broker and saleslady, had demonstrated untrustworthiness and incompetency (see Real Property Law, § 441-c) and imposed a conditional penalty of suspension. Petition granted, determination annulled, on the law, without costs or disbursements, and charges dismissed. The record reveals that at all times relevant hereto, premises 10-12 Wilafra Place, Northport, N. Y., was a two-family dwelling, and was so classified in its certificate of occupancy. Evidence was also adduced that in December, 1976, June Jordan took possession of the second floor apartment at 10-12 Wilafra Place. From that time until January 8, 1977, she was the only tenant at the subject premises. On that latter date, Thomas Urusky took possession of the first floor pursuant to a lease entered into by him and the landlord for one year. A broker's commission of $300 was earned by petitioners for bringing about the agreement between Urusky and the landlord; it was collected by them from Urusky. On or about October 1, 1977, pursuant to efforts of petitioners, Roger Turano rented the basement apartment at the subject two-family dwelling. For bringing about this transaction between the landlord and Turano, petitioners received a broker's commission of $285 from Turano. We concur with respondent's finding that the rental of the basement apartment to Turano and his possession thereof created an illegal occupancy, in view of the fact that the first and second floor apartments were already occupied, and the subject premises was classified as a two-family dwelling in its certificate of occupancy. However, we disagree with respondent's determination that petitioners reimburse Urusky the $300 he paid them as a commission or suffer suspension of their licenses. Such penalty is unwarranted. The prior rental of the first floor apartment to Urusky did not create an illegal occupancy since Turano was not an occupant of the basement apart-

ment at that time. Furthermore, respondent's determination that petitioners demonstrated untrustworthiness and incompetency within the provisions of section 441-c of the Real Property Law was not established by substantial evidence. The record is almost devoid of evidence indicating that petitioners engaged in a pattern of untoward conduct and acted in bad faith. A mere scintilla of evidence sufficient to justify a suspicion is not enough to support a finding upon which legal rights and obligations are based (*Matter of Chiaino v Lomenzo,* 26 AD2d 469, 473). Finally, it must be noted that the only credible evidence adduced at the hearing as to whether petitioners knew that the leasing of the basement apartment to Turano would create an illegal third-party occupancy was the testimony of petitioners to the effect that they were unaware that such would occur. Hence, acceptance by petitioners of a commission after the Turano transaction was consummated is irrelevant, under the circumstances (see *Matter of Chiaino v Lomenzo, supra,* p 472). Titone, J. P., Mangano, Gibbons and Thompson, JJ., concur.