708

■ In the Matter of REALTY WORLD/REALTY WORLD FRANCHISE SERVICE CORP. et al., Petitioners, v GAIL S. SHAFFER, as Secretary of the State of New York, Respondent. — Determination unanimously annulled and petition granted, with costs. Memorandum: Petitioners seek to annul a determination by the Secretary of State which suspended their real estate broker's licenses for two months or imposed a $500 fine in lieu thereof, and which suspended their licenses indefinitely unless they reimburse an aggrieved buyer in the amount of $2,000. The basis of that determination was respondent's investigation into charges of mismanagement and conversion of escrow funds by petitioners' franchisee, Realty World/Cattaraugus, and its representative broker, Curtis Wolfer, as a result of which the charges were substantiated and the license of the franchisee revoked. ¶ There is no substantial evidence presented on this record to support respondent's determination that the acts or conduct of petitioners constituted untrustworthiness (Real Property Law, § 441-c; cf. *Matter of Urban Realty v Cuomo*, 72 AD2d 947). The finding of untrustworthiness is arbitrary since there was no evidence that petitioners had a direct connection with the wrongful transactions of their franchisee or any knowledge of such transactions (see *Matter of Cotter v Lomenzo*, 36 AD2d 741; *Matter of Birch v Lomenzo*, 31 AD2d 835, 836). The franchiser-franchisee relationship is analogous to that of broker-salesman wherein the broker may be held responsible for the wrongful acts of his salesman only if he has actual knowledge of such acts or retains the benefits of a transaction wrongfully negotiated by the salesman after notice of the misconduct (Real Property Law, § 442-c; *Matter of Diona v Lomenzo*, 26 AD2d 473). Here complicity on the part of petitioners in the misconduct of their franchisee was neither alleged nor proved (cf. *Matter of Arrington v Lomenzo*, 51 AD2d 743). It is clear from the record that petitioners neither had any dealings with the complainant nor any connection with the wrongful transaction (cf. *Matter of Cotter v Lomenzo*, 36 AD2d 741, *supra*). The hearing officer's determination of untrustworthiness was based on petitioners' failure "to take timely affirmative steps" to investigate their franchisee's activities and prevent its wrongful conduct. There is no proof, however, that petitioners had knowledge of the franchisee's conversion of funds until well after such conversions. To the contrary, petitioners did not learn of their franchisee's defalcations until informed of them by respondent's investigator. By that time, of course, the matter was in the hands of the respondent. In the absence of proof of a principal/agency relationship, or proof that petitioners exercised a high degree of control over the franchisee (see Ann., 81 ALR3d 764, Vicarious Liability of Private Franchisor), there is no basis for holding petitioners responsible for their franchisee's misconduct (see *Ahl v Martin*, 82 AD2d 938). (Article 78 proceeding transferred by order of Supreme Court, Erie County, Broughton, J.) Present — Hancock, Jr., J. P., Callahan, Denman, O'Donnell and Moule, JJ.