OPINION OF THE COURT
Julian F. Kubiniec, J.
Defendants, Southland Corporation and Saffron Properties, Inc., by notice of motion, seek an order dismissing the complaint of plaintiff, Freddie L. Jordan, as the administrator of the estate of Ronald C. Davis, on the grounds that the applicable Statute of Limitations had run before suit was commenced.
In resisting this motion plaintiff maintains that the summons and complaint were served in accord with EPTL 5-4.1 (2) (as added by L 1983, ch 95) which provides: “2. Whenever it is shown that a criminal action has been commenced against the same defendant with respect to the event or occurrence from which a claim under this section arises, the personal representative of the decedent shall have at least one year from the termination of the criminal action as defined in section 1.20 of the criminal procedure law in which to maintain an action, notwithstanding that the time in which to commence such action has already expired or has less than a year remaining.”
Although plaintiff acknowledges that the moving defendants are not “the same defendant” against whom a criminal action *510 was commenced, plaintiff contends that, at least to defendant Southland Corporation as “franchiser” of the 7-11 Food Stores, it exercised such control over its “franchisee”, defendant Bonnie L. Britton, and her employee, defendant Robert L. Britton, so as to be united in interest with them by reason of its vicarious liability. (Ahl v Martin, 82 AD2d 938 [1981].) Plaintiff, therefore, argues that the reach of this recent enactment should extend to include not only the named criminal defendant but also to include a defendant vicariously liable for the negligent conduct of the named criminal defendant. (Defendant Robert L. Britton, on June 22,1984, entered a plea of guilty to manslaughter in the second degree in that, on June 29,1981, he recklessly caused the death of Ronald Davis by shooting him in a 7-11 Store at 1351 Kensington Avenue, Buffalo, New York. Plaintiff commenced the civil suit herein in July 1984.)
Conversely, defendants maintain that, as this amendment to EPTL 5-4.1 is in derogation of the two-year Statute of Limitations, it should be strictly limited to affect only the named criminal defendant (i.e., Robert L. Britton) and thus is not applicable to them.
Some indication of the legislative reasoning behind this enactment was expressed by its sponsors in the memorandum of Assemblyman Richard N. Gottfried: “The purpose of this bill is to permit the crime victim to sue the convicted criminal for damages associated with the crime. Under present law, crime victims are expected to participate in criminal prosecutions while they simultaneously assert whatever civil claims they may have against those responsible for a crime. This situation unjustifiably burdens the crime victim with the obligation of participating in two totally separate legal proceedings based upon almost identical facts — usually soon after suffering from the severe trauma associated with a violent crime. There are additional difficulties encountered by the crime victim who attempts to sue those responsible for a crime within present statutes of limitations. It is possible to use a criminal judgment of conviction as proof of facts asserted in civil court (the doctrine of collateral estoppel). The use of ‘collateral estoppel’ in civil litigation permits the crime victim to use facts already proved in the criminal trial. This saves both the civil courts and the crime victim from wasting their time proving facts already established by the criminal courts. Under the present law, however, there is no guarantee that the crime victim will be able to use the criminal judgment to prove facts already established. Since present statutes of limitations for civil causes of action may expire before a criminal court judgment is available, both the *511 crime victim and the civil court are frequently forced to litigate identical facts. This measure would toll the time within which a crime victim had to initiate a civil claim against those responsible for a crime until the termination of the criminal proceeding. In so doing, it would remove the present burden of participating in two trials based upon identical facts and also save both the crime victim and civil courts from proving already adjudicated facts. It is also anticipated that this bill would generate revenues to the state by permitting the state to exercise its subrogation rights more frequently. The crime victims compensation statute provides the state with subrogation rights over the civil court judgments of compensated crime victims. To the extent that this measure would promote such judgments, there would be increased revenues to the state. This, in turn, would place the ultimate cost of crime victim compensation upon the criminals rather than the state taxpayer.” (1983 NY Legis Ann, at 61-62.)
In view thereof, it is apparent that to restrict the tolling of the Statute of Limitations to affect only the named criminal defendant would serve to reduce the ameliorative expanse of this legislation as it would negate the benefit of the statutory tolling for those plaintiffs who seek to reach the vicariously liable defendant, who oftentimes is the only defendant financially capable of fully compensating the plaintiff. To avoid being time barred, these plaintiffs may well be required to institute, simultaneous with the criminal proceeding, suit against both the culpable (criminal) defendant and the vicariously liable defendant and to proceed through pretrial discovery and trial without the advantage of a prior criminal conviction or plea of guilt as proof of the operative facts in the civil litigation. For these plaintiffs the purposes of this enactment are thereby subverted.
As applied to the instant case, if defendant Southland is found at trial to have exercised such a degree of control over defendant Robert L. Britton to be held liable under the doctrine of respondeat superior, that liability is imputed from and constitutes the same acts of negligence as committed by defendant Britton, which negligent conduct is now conclusively proven by defendant Britton’s plea of guilt to the criminal charge and which conduct would have also been found by the civil jury to have occurred within the scope of defendant Britton’s employment and a fortiori for defendant Southland’s benefit. Therefore, as concerns this plaintiff who seeks monetary recovery for damages resulting from criminal acts, the statutory benefit is only fully realized if defendants Britton and Southland are equated as being one and the same thereby tolling the running of the Statute of Limitations against defendant Southland.
*512 However tempting it may be to make such an equation as a fair implication of legislative language, nevertheless, the words “same defendant” are clear and unambiguous and this court is constrained from construing legislative intent beyond the natural and plain meaning of the language used. (Matter of Love Canal, 92 AD2d 416, 422 [1983]; McKinney’s Cons Laws of NY, Book 1, Statutes § 111.) If the reach of this statute is to extend to the vicariously liable civil defendant, it is for the Legislature to add appropriate language.
We note that in seeking to expand this statutory tolling, plaintiff overlooks that in limiting the impact of this enactment to the “same defendant”, the Legislature may have wished to avoid the possible conflict between the employer who, fearing the impact of “collateral estoppel” in the civil litigation, would prefer its employee to withstand a criminal trial with its high standard of proof and the employee who, wishing to avoid the criminal trial, would prefer to enter a plea of guilt in the hope of influencing his ultimate sentence or to gain a plea bargain.
Additionally, the legislative memorandum indicates that this statute was primarily concerned with removing the burden placed on the victims of crime in pursuing criminal and civil prosecutions at a time when the victim was suffering from trauma associated with violent crime, be it physical, emotional or psychological. In the instant matter, Ronald Davis was the victim of a homicide and the burden referred to would not appear to affect the ability of the representative of his estate to promptly commence civil litigation simultaneously with an ongoing criminal prosecution.
Plaintiff has also made no allegation or showing that defendant Saffron Properties, Inc., as lessor of 1351 Kensington Avenue, Buffalo, New York, is in any way vicariously liable to plaintiff. On the face of the pleadings and submitted affidavits it is apparent that suit for wrongful death was commenced against these defendants more than two years after decedent’s death and is thereby time barred. Accordingly, defendants’ motion to dismiss is granted.