■ In the Matter of ROBERT J. SPERTE et al., Petitioners, v GAIL SHAFFER, Respondent. (Proceeding No. 1.) In the Matter of ROBERT MASCHINO et al., Petitioners, v GAIL S. SHAFFER, Respondent. (Proceeding No. 2.) — Two proceedings pursuant to CPLR article 78 to review determinations of respondent Department of State, dated June 2, 1983, which, after a hearing, found that petitioners demonstrated untrustworthiness and incompetence, and imposed penalties.

Petition in proceeding No. 1 granted, determination annulled, on the law, with costs to said petitioners in that proceeding, and charges dismissed.

Petition in proceeding No. 2 granted to the extent that the determination is modified, on the law, by (1) deleting therefrom the finding of guilt as to the charge involving Peter and Jacqueline Milch, and (2) deleting therefrom the penalty imposed. As so modified, determination confirmed, without costs or disbursements, proceeding otherwise dismissed on the merits, and matter remitted to respondent for the imposition of a new penalty.

Respondent charged petitioners and one Irving Eisenberg with, *inter alia,* having demonstrated untrustworthiness and incompetence in violation of Real Property Law § 441-c. Petitioner Sperte is the representative real estate broker for petitioner Century 21 of the Northeast, Inc. (hereinafter Northeast). Petitioners Century 21 Aamere Realty, Inc. (hereinafter Aamere) and Century 21 Smithtown Shores, Inc. (hereinafter Smithtown) are franchisees of petitioner Northeast, and their representative broker is petitioner Maschino. These charges arose as a consequence of the alleged misconduct of petitioner Aamere's salesperson Irving Eisenberg in failing to provide a client with a duplicate copy of the exclusive listing agreement, and failing to inform another that the commission rates and duration of their exclusive listing agreement were negotiable.

After a hearing Eisenberg was found to have demonstrated untrustworthiness and incompetence under Real Property Law § 441-c. On that basis, petitioners Maschino, Aamere and Smithtown were also found to be in violation of that statute. The

hearing officer further held that Eisenberg's misconduct was performed with the knowledge and consent of petitioner Northeast, which assisted Eisenberg economically and with its advertisements, and by providing him with marketing tools and the Century 21 trademark. Finally, the hearing officer found that petitioner Northeast participated in Eisenberg's misconduct because, pursuant to the franchise agreement, petitioner Northeast is entitled to 6% of the gross revenue of petitioner Aamere. This determination was approved by respondent. The individual petitioners' licenses were suspended for 60 days, or in lieu thereof they were required to pay a fine of $1,000. Also, their licenses were indefinitely suspended until respondent was given proof that the listing agreements in question were rescinded.

In order to sustain respondent's determination there must be substantial evidence in the record in support of that determination (*300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176). "A mere scintilla of evidence sufficient to justify a suspicion is not enough to support a finding upon which legal rights and obligations are based" (*Pius Realty v Paterson,* 87 AD2d 838, 839).

In order to support a finding of untrustworthiness on the part of petitioners Maschino, Aamere and Smithtown, based on the misconduct of their salesperson, there must be evidence that petitioner Maschino had actual knowledge of the misconduct or retained the benefits or profits thereof after notice of the salesman's misconduct (Real Property Law § 442-c). Since there were no proceeds from either of the questionable transactions, there must be substantial evidence that petitioner Maschino had actual knowledge of Eisenberg's misconduct (*accord, Geisler v Department of State,* 73 AD2d 392; *Smith v Lomenzo,* 33 AD2d 874). The record contains no such evidence as to the transaction involving the Milchs. The only evidence in the record on this issue is the testimony of Mr. Milch, who stated that he had not dealt with anyone from Century 21 besides Eisenberg and a Mr. Poio. Therefore, the record does not contain substantial evidence that petitioners Maschino, Aamere and Smithtown had actual knowledge of Eisenberg's misconduct in the Milch matter, and to the extent that respondent found those petitioners untrustworthy and incompetent on the basis of that transaction, her determination is hereby annulled.

However, the record does contain substantial evidence that petitioner Maschino had actual knowledge that the copy of the listing agreement Eisenberg gave to the Bordonaros did not contain an expiration date. Therefore, respondent had a rational basis for finding that petitioners Maschino, Aamere and Smithtown had demonstrated untrustworthiness and incompetence

under Real Property Law § 441-c as to this transaction. The matter is remitted to respondent to fix an appropriate sanction with regard to petitioners Maschino, Aamere and Smithtown in light of our partial annulment of its determination as to them.

As to petitioners Sperte and Northeast, their relationship to petitioner Aamere and therefore Eisenberg is that of a franchisor to a franchisee. This relationship will not in and of itself sustain respondent's determination as to them. It may be likened to that of a broker to a salesman and, therefore, at the very least, actual knowledge of Eisenberg's misconduct by petitioner Sperte is required (*see, Matter of Realty World/Realty World Franchise Serv. Corp. v Shaffer,* 101 AD2d 708). No evidence of such knowledge is contained in the record herein. On the contrary, petitioners Sperte and Northeast did not learn of the transactions at issue herein until they received the complaint from respondent. Also, "[i]n the absence of proof of a principal/agency [*sic*] relationship, or proof that petitioners exercised a high degree of control over the franchisee * * * there is no basis for holding petitioners responsible for their franchisee's misconduct" (*Matter of Realty World/Realty World Franchise Serv. Corp. v Shaffer, supra; accord, Ahl v Martin,* 82 AD2d 938). The evidence adduced at the hearing shows that the relationship herein is that of an independent contractor, and that petitioners Sperte and Northeast did not have the right to control or supervise petitioners Maschino, Aamere and Smithtown. Therefore, respondent's determination as to petitioners Sperte and Northeast is hereby annulled, and the charges against them dismissed. Mollen, P. J., Rubin, Lawrence and Kunzeman, JJ., concur.