■ JENNETTE LOMAX, Respondent, v NORMAN HENRY et al., Respondents, and AMWAY, INC., Appellant.—In an action to recover damages for personal injuries, the defendant Amway Corporation (hereafter Amway), appeals from an order of the Supreme Court, Queens County (LeVine, J.), entered March 19, 1985, which denied its motion for summary judgment

dismissing the complaint, insofar as it is asserted against it, and any cross claim against it.

Order reversed, on the law, with costs payable by the plaintiff-respondent to the appellant, motion granted, and complaint and any cross claims dismissed, insofar as asserted against the appellant.

The plaintiff's slip and fall occurred on the premises of the defendants Norman and Irma Henry; all three individuals are distributors of Amway products and the plaintiff was at the Henry's home to pick up Amway items. The plaintiff's claim against Amway is based on a theory of agency. However, the record is devoid of evidence that Amway retained or exerted any control over the manner in which distribution was conducted by the Henrys. Absent such evidence, there is no legal basis to find the Henrys to have been functioning as agents rather than independent contractors of Amway in distributing Amway products *(see, Price v Cities Serv. Oil Co.,* 71 AD2d 700, 701; *Ahl v Martin,* 82 AD2d 938). Nor did the evidence provide any basis upon which to charge Amway with the duty to instruct the distributors of its products on safety precautions *(see, Garcia v Arbern Realty Co.,* 89 AD2d 616, 617). Thompson, J. P., Bracken, Weinstein and Kunzeman, JJ., concur.