FREDDIE L. JORDAN, as Administratrix of the Estate of RONALD C. DAVIS, Deceased, Appellant, v ROBERT L. BRITTON et al., Individually and Doing Business as 7-11 FOOD STORE No. 11273, Defendants, and SOUTHLAND CORPORATION et al., Respondents. (Appeal No. 1.)

FREDDIE L. JORDAN, as Administratrix of the Estate of RONALD C. DAVIS, Deceased, Appellant, v ROBERT L. BRITTON et al., Defendants, and BONNIE L. BRITTON, Individually and Doing Business as 7-11 FOOD STORE No. 11273, Respondent. (Appeal No. 2.)

FREDDIE L. JORDAN, as Administratrix of the Estate of RONALD C. DAVIS, Deceased, Respondent, v ROBERT L. BRITTON, Appellant, et al., Defendants. (Appeal No. 3.)

Fourth Department, May 22, 1987

### APPEARANCES OF COUNSEL

*Pratcher & Megna (Timothy Andreasen* of counsel), for appellants in Appeals Nos. 1 and 2, and for respondent in Appeal No. 3.

*Noonan, Mahoney & Yunker (Donald Mahoney* of counsel), for appellant in Appeal No. 3.

*Canale, Madden & Burke, P. C. (Michael Perley* of counsel), for respondent in Appeal No. 1.

*O'Shea, Reynolds, Napier, Quinn & Cummings (Kenneth Kirby* of counsel), for respondent in Appeal No. 2.

### OPINION OF THE COURT

LAWTON, J.

On June 30, 1981, plaintiff's son, Ronald Davis, died of a gunshot wound inflicted the day before by defendant Robert Britton. Allegedly, Davis was shoplifting items from a 7-Eleven store in which Robert Britton was an employee. After Britton questioned Davis about items placed under his shirt, Davis fled the store. Britton gave chase. When a scuffle ensued between Davis and Britton, Britton pulled out his revolver. Britton claimed that during the scuffle, Davis cut him on the stomach with a sharp instrument and that the gun accidentally discharged striking Davis in the head.

Almost three years later, on June 22, 1984, a felony complaint was filed against Robert Britton accusing him of manslaughter in the first degree. On the same day, he executed a waiver of indictment and a consent to be prosecuted by a superior court information charging him with manslaughter in the second degree and immediately pleaded guilty. On July 31, 1984 he was given an unconditional discharge. Shortly after Britton entered his guilty plea, on June 29, 1984, Freddie Jordan, a mother of decedent and administratrix of his

estate, commenced a wrongful death action against Britton. Named as additional defendants were the owner of the store, Bonnie Britton; the franchiser, Southland Corporation; and the lessor of the property, Saffron Properties, Inc. In her verified complaint, plaintiff alleged that the death of her son was caused solely by the wrongful, reckless and negligent acts of Robert Britton.

Each of the defendants raised the Statute of Limitations as an affirmative defense in their respective answers. In a series of motions for summary judgment, the validity of that defense was tested as it applied to each of the defendants. By cross motion, plaintiff sought a partial summary judgment that Robert Britton's guilty plea in the criminal proceeding precluded him from litigating the issue of his liability at trial. By a series of orders, Special Term denied Robert Britton's motion for summary judgment, granted the remaining defendants' motions for summary judgment (127 Misc 2d 509), granted plaintiff's cross motion for partial summary judgment on the issue of liability as to Robert Britton, and ordered an immediate trial solely on the issue of damages pursuant to CPLR 3212 (c). Appeals have been taken from each of these orders.

Pivotal to the determination of these appeals is the effect of EPTL 5-4.1 (2), which reads as follows: "Whenever it is shown that a criminal action has been commenced against the same defendant with respect to the event or occurrence from which a claim under this section arises, the personal representative of the decedent shall have at least one year from the termination of the criminal action as defined in section 1.20 of the criminal procedure law in which to maintain an action, notwithstanding that the time in which to commence such action has already expired or has less than a year remaining." A review of this statute's history and purpose is instructive in making our determination. In 1983, as part of a package of legislation enacted out of concern for victims of crime, the Legislature enacted several new statutes designed to affect the time limitations within which a victim of a crime may bring an action against the criminal wrongdoer.[1]

The purposes for the enactment of EPTL 5-4.1 (2) are set forth in the memorandum of Assemblyman Richard Gottfried (1983 NY Legis Ann, at 61-62). First, the statute unburdens the personal representative from participating in two totally

---

1. See also, CPLR 215 (8).

separate legal proceedings based on almost identical facts, usually soon after suffering from the severe trauma associated with the violent crime. Second, it enables the personal representative to use the criminal judgment of conviction as proof of facts asserted in civil court, thus saving the representative from proving already adjudicated facts. Third, the amendment permits the State to exercise its subrogation rights more frequently, thus increasing revenues to the State and placing the cost of compensation upon the criminals rather than on the taxpayer.

Defendant Robert Britton argues that the action against him is time barred pursuant to EPTL 5-4.1 (1) and has not been saved by EPTL 5-4.1 (2) because the amendment is a tolling statute. He contends that for EPTL 5-4.1 (2) to be effective, the criminal proceeding must be commenced before the two-year period of EPTL 5-4.1 (1) has expired. Plaintiff, on the other hand, not surprisingly maintains that said amendment is a revival statute which enables her to commence suit even after the two-year limitation period has expired. Special Term agreed with plaintiff.

■ While defendant's contention that the amendment is a tolling statute has some support among the statute's commentators,[2] we do not find such fact determinative. As the history and purpose of the amendment indicate, the intent of the legislation was to extend the time period within which a personal representative could bring suit, thus alleviating the representative's burden of pursuing two lawsuits at the same time. Accordingly, the Legislature created an independent Statute of Limitations to grant a new time period within which a personal representative may bring a civil action against the crime's perpetrator. The amendment does not, in the strict sense, *toll* the running of the Statute of Limitations nor *revive* a lawsuit that is untimely. Rather, reading both

---

2. Dean Patrick Rohan in his commentaries following EPTL 5-4.1 (2) writes that it "provides for a tolling of the statute of limitations". (Rohan, 1983 Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 17B, EPTL 5-4.1, 1987 Pocket Part, at 22.) Likewise, Paul Feigenbaum, in his May 5, 1983 letter to the Honorable Alice Daniel, referred to the statute as an "extension (or a toll)" and Assemblyman Gottfried in his May 5, 1983 letter to her did as well.

See also, Judge Joseph M. McLaughlin's commentaries on the companion section of CPLR 215 (8), which deals with actions brought by a victim of an assault and other crimes having a one-year Statute of Limitations (McLaughlin, 1983 Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 215, 1987 Pocket Part, at 308).

subdivisions of EPTL 5-4.1 leads to the conclusion that the personal representative now has two Statutes of Limitation to look to when commencing a civil suit for wrongful death against a defendant who is subject to a criminal action. A plaintiff is free to choose the one that allows the greater time period. Applying that statute to the present case and implementing its clear intent and purpose, we hold that the action brought against defendant Robert Britton was timely commenced.

The second issue presented on these appeals is whether the actions brought against the codefendants were timely commenced. We hold that they were not.

Plaintiff asks this court to construe EPTL 5-4.1 (2) broadly so as to interpret the words "the same defendant" to include all persons vicariously liable for the actions of defendant. In this regard, plaintiff argues that the codefendants, under common-law principles of employer-employee, franchiser-franchisee, master-servant and principal-agent, are each vicariously liable for the acts of defendant Robert Britton. Because of the remedial nature of EPTL 5-4.1 (2) and its purposes, specifically the avoidance of multiplicity of suits, plaintiff asks this court to hold that the amendment extends the Statute of Limitations against both the wrongdoer and the codefendants. While there may be validity to plaintiff's contentions, in light of the clear wording of the statute, it is not for the courts to broaden the scope of the statute in that manner; rather, it is for the Legislature to act in this regard (see, Liff v Schildkrout, 49 NY2d 622, 634).

As this is a wrongful death action, it is in derogation of the common law and must be strictly construed (Young v Robertshaw Controls Co., 104 AD2d 84, 88, lv granted 110 AD2d 920, appeal withdrawn 66 NY2d 613). A failure to accord the clear meaning to the plain wording of the statute, as enacted, limiting its application to the perpetrator of the crime would violate this principle. We hold, therefore, that EPTL 5-4.1 (2) is limited in its application to one against whom criminal proceedings have been commenced and does not apply to others regardless of their relationship to the wrongdoer.

Plaintiff further argues that by reason of the vicarious liability of the codefendants for the acts of defendant Robert Britton, they are united in interest with him and therefore come within the purview of CPLR 203 (b). Even accepting plaintiff's contentions that each of the codefendants was in

fact united in interest with defendant Robert Britton, CPLR 203 (b) nevertheless has no applicability to the facts of the present case. That section provides a tolling of the Statute of Limitations against codefendants if a defendant united in interest is timely served. A prerequisite to the application of this tolling, however, is that a cause of action existed against the codefendants at the time service was obtained over the defendant united in interest. At the time of service upon defendant Robert Britton in this case, the Statute of Limitations had already expired against the three codefendants. Nothing contained in CPLR 203 (b) (1) permits a revival of a Statute of Limitations that has already expired. Special Term was, therefore, correct in dismissing the actions against these defendants.

■ Finally, there is presented for our determination whether Special Term was correct in granting partial summary judgment to plaintiff on the issue of liability. Special Term found that Robert Britton's plea of guilty to manslaughter in the second degree precluded him from litigating the issue of his liability at a subsequent civil trial. We conclude that Special Term was correct in this instance. The fact that almost three years expired before charges were made against defendant and that he waived indictment and consented to be prosecuted by a superior court information to which he pleaded guilty on the same day raises serious questions whether defendant was given a full and fair opportunity to litigate the issues or pleaded guilty for reasons other than those consistent with his being guilty of the crimes charged (see, e.g., Gilberg v Barbieri, 53 NY2d 285). However, the burden of proving the lack of a full and fair opportunity to contest the charges lies with Robert Britton (Capital Tel. Co. v Pattersonville Tel. Co., 56 NY2d 11, 17-18) and he failed to raise these issues in response to plaintiff's summary judgment motion. This failure precludes our consideration of these facts for the first time on appeal (see, Pietropaoli Trucking v Nationwide Mut. Ins. Co., 100 AD2d 680, 681).

Special Term erred, however, in setting the case down solely for an assessment of damages. Robert Britton, in his answer, raised the affirmative defense of comparative negligence, thereby putting into issue the relative degrees of culpability between decedent and defendant (CPLR 1411). In his opposing affidavit, Robert Britton set forth detailed allegations of decedent's culpable conduct that a jury could find contributed in a large measure to decedent's injuries and death. Therefore,

there must be a trial to determine the respective percentages of liability *(see, E. B. Metal & Rubber Indus. v County of Washington,* 102 AD2d 599, 602-603).

Accordingly, the orders dismissing plaintiff's complaint against defendants Southland, Saffron and Bonnie Britton should be affirmed, and the orders entered July 12, 1985 and September 17, 1985 should be modified by directing that the trial include a determination of the parties' respective percentages of liability.

CALLAHAN, J. P., DENMAN, BOOMER and PINE, JJ., concur.

Appeals Nos. 1 and 2—Orders unanimously affirmed, without costs.

Appeal No. 3—Order unanimously modified, on the law, and, as modified, affirmed, without costs, in accordance with opinion by Lawton, J.