■ GEORGE ALFORD, Respondent, v ST. NICHOLAS HOLDING CORP., Appellant, et al., Defendants. [631 NYS2d 30] —Order, Supreme Court, New York County (Carol Arber, J.), entered on or about February 9, 1995, which denied defendants' motion for summary judgment dismissing plaintiff's complaint, unanimously affirmed, without costs.

In this action for assault against both the wrongdoer and the wrongdoer's alleged employee brought within a year after the dismissal of criminal proceedings against the wrongdoer, we hold that CPLR 215 (8) applies to extend the Statute of Limitations against the employer as well as the wrongdoer, and decline to follow Second and Fourth Department cases to the contrary (*Jordan v Britton*, 128 AD2d 315, 320-321 [4th Dept]; *accord, Villanueva v Comparetto*, 180 AD2d 627, 629 [2d Dept]). One of the purposes of CPLR 215 (8) is to relieve the criminal victim of the burden of participating simultaneously in two totally separate legal proceedings based on identical facts in order to avoid the expiration of the Statute of Limitations in the civil action (*see, Jordan v Britton, supra,* at 318-319; Alexander, 1994 Supp Practice Commentary, McKinney's Cons Law of NY, Book 7B, CPLR C215:8, 1995 Pocket Part, at 120). We see no reason in principle why such purpose should not have been intended to apply to the victim's cause of action against an employer based on respondeat superior, and the statutory language, which requires that the two proceedings be against "the same defendant", is broad enough to include persons so related to the criminal defendant as to be vicariously liable for his or her intentional torts. We also agree with the IAS Court that the deposition testimony raises issues of fact whether the character of the act that caused plaintiff's injuries was intentional or negligent, and whether the individual defendant was the corporate defendant's employee at the time of the incident. Concur—Murphy, P. J., Rubin, Kupferman, Ross and Mazzarelli, JJ.