■ MICHAEL PARISI, Appellant, v LOEWEN DEVELOPMENT CORP. et al., Defendants, and A & J CRANE RENTALS, INC., Respondent. (And a Third-Party Action.) [774 NYS2d 746]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered May 13, 2002, as granted the motion of the defendant A & J Crane Rentals, Inc., for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly was injured while disassembling a crane owned by the defendant A & J Crane Rentals, Inc. (hereinafter A & J), and leased by the defendant Colasanto Construction, Inc. (hereinafter the lessee). The plaintiff seeks to recover damages from A & J on the theory that A & J was the employer of the crane operator at the time of the accident. The Supreme Court granted A & J's motion for summary judgment dismissing the complaint insofar as asserted against it, finding that the lessee, and not A & J, was the crane operator's employer. We affirm.

The determination of whether an employment relationship exists rests upon whether the alleged employer exercises control over the results produced or over the means used to achieve the results (see Matter of Ted Is Back Corp., 64 NY2d 725 [1984]; Abouzeid v Grgas, 295 AD2d 376, 377 [2002]; Bhanti v Brookhaven Mem. Hosp. Med. Ctr., 260 AD2d 334, 335 [1999]). Minimal or incidental control over a person's work product without direct supervision or input over the means used to complete the work is insufficient to establish a traditional employment relationship (Bhanti v Brookhaven Mem. Hosp. Med. Ctr., supra; see Abouzeid v Grgas, supra). A & J demonstrated its prima facie entitlement to summary judgment by showing that its control over the crane operator's work was insufficient to establish an employment relationship (see generally Szarewicz v Alboro Crane Rental Corp., 50 AD2d 770 [1975], affd 40 NY2d 1076 [1976]; Dicenzo v New York Shovel & Crane Corp., 282 App Div 741 [1953], affd 308 NY 871 [1955]). In opposition, the plaintiff failed to raise a triable issue of fact (cf. Oden v Chemung County Indus. Dev. Agency, 183 AD2d 998 [1992]; Carinha v Action Crane Corp., 58 AD2d 261 [1977]). Accordingly, the Supreme Court properly granted A & J's motion for summary judgment dismissing the complaint insofar as asserted against it. S. Miller, J.P., Luciano, Adams and Townes, JJ., concur.