■ KENNETH WECKER, Respondent, v CROSSLAND GROUP, INC., Appellant, et al., Defendants. [939 NYS2d 481]—

The defendant Crossland Group, Inc. (hereinafter Crossland), was hired by the defendant HSBC Auto Finance, Inc. (hereinafter HSBC), to effectuate repossession of an automobile in which HSBC owned a security interest. Crossland, in turn, hired the defendant Gadid Towing and Recovery, Inc. (hereinafter Gadid), to physically repossess the vehicle, and deliver it to Crossland. The plaintiff, the owner of the vehicle, commenced this action, inter alia, to recover damages for personal injuries he allegedly sustained during the repossession of the vehicle, and for conversion. Crossland moved for summary judgment dismissing the complaint insofar as asserted against it, and the Supreme Court denied the motion.

"Ordinarily, a principal is not liable for the acts of independent contractors in that, unlike the master-servant relationship, principals cannot control the manner in which the independent contractors' work is performed" (*Chainani v Board of Educ. of City of N.Y.*, 87 NY2d 370, 380-381 [1995]; *see Kleeman v Rheingold*, 81 NY2d 270, 273-274 [1993]). "The determination of whether one is an employee or an independent contractor requires examination of all aspects of the arrangement between the parties, although 'the critical inquiry . . . pertains to the degree of control exercised by the purported employer over the results produced or the means used to achieve the results'" (*Araneo v Town Bd. for Town of Clarkstown*, 55 AD3d 516, 518-519 [2008] [citation omitted], quoting *Bynog v Cipriani Group*, 1 NY3d 193, 198 [2003]).

Here, Crossland demonstrated its prima facie entitlement to judgment as a matter of law dismissing the first, third, and fourth causes of action insofar as asserted against it, which were predicated upon the conduct of Gadid or Gadid's employee. In support of the motion, Crossland submitted, inter alia, an "Independent Contractor Agreement" between it and Gadid, which, among other things, indicated that Gadid would invoice Crossland weekly, would not deduct or withhold any taxes or FICA, and would not be entitled to any benefits. Crossland also submitted the affidavit of its vice president, averring that Crossland did not control the manner in which Gadid carried out the repossession, which Gadid accomplished using its own vehicles and employees. Based upon these submissions, Crossland established, prima facie, that Gadid was an independent contractor (*see Barak v Chen*, 87 AD3d 955, 957 [2011]; *Gfeller v Russo*, 45 AD3d 1301, 1302-1303 [2007]). In opposition, the

plaintiff failed to raise a triable issue of fact as to whether Gadid was an employee of Crossland, as the evidence it offered in this regard showed only minimal or incidental control insufficient to render Gadid an employee of Crossland (*see Barak v Chen*, 87 AD3d at 957; *Holcomb v TWR Express, Inc.*, 11 AD3d 513 [2004]).

We also reject the plaintiff's contention that Crossland was liable for Gadid's alleged torts under an exception to the general rule of nonliability for the torts of an independent contractor, applicable where a nondelegable duty has been imposed upon a principal by statute (*see Chainani v Board of Educ. of City of N.Y.*, 87 NY2d at 381; *Kleeman v Rheingold*, 81 NY2d at 274). Specifically, the plaintiff claimed that UCC 9-609, pertaining to a "secured party's" right to take possession of property after default, imposed a nondelegable duty upon Crossland to ensure that the repossession was carried out without a breach of the peace. However, due to the absence of any evidence of an agency relationship between HSBC and Crossland (*see Teer v Queens-Long Is. Med. Group*, 303 AD2d 488, 490 [2003]; *E.B.A. Wholesale Corp. v S. B. Mechanical Corp.*, 127 AD2d 737, 739 [1987]; *Lomax v Henry*, 119 AD2d 638, 639 [1986]), the plaintiff could not raise a triable issue of fact as to whether any nondelegable duty that might be imposed by UCC 9-609 would apply to Crossland, which is not a "secured party" (UCC 9-609 [b] [2]).

Accordingly, those branches of Crossland's motion which were for summary judgment dismissing the first, third, and fourth causes of action insofar as asserted against it should have been granted.

However, the Supreme Court properly denied that branch of Crossland's motion which was for summary judgment dismissing the second cause of action to recover damages for conversion insofar as asserted against it. The conversion cause of action alleged tortious conduct committed directly by Crossland, and, therefore, Crossland's showing that Gadid was an independent contractor did not demonstrate Crossland's prima facie entitlement to judgment as a matter of law on that cause of action. Skelos, J.P., Leventhal, Lott and Miller, JJ., concur.