MICHELLE MEEHAN, Appellant, v COUNTY OF SUFFOLK et al., Respondents, et al., Defendants. [40 NYS3d 494]—

In a consolidated action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated January 31, 2014, as granted that branch of the motion of the defendants County of Suffolk and Suffolk County Child Protection Services which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

On February 18, 2010, the plaintiff, while driving her own vehicle, was involved in an accident with a vehicle driven by the defendant Roslyn Birnbaum and owned by the defendant Harvey Birnbaum. At the time of the accident, Roslyn was traveling as part of work she performed on behalf of the defendants County of Suffolk and Suffolk County Child Protective Services, incorrectly sued herein as Suffolk County Child Protection Services (hereinafter together the county defendants). The plaintiff commenced this action to recover damages against the Birnbaums and the county defendants, alleging that the county defendants were vicariously liable for Roslyn's negligence.

The county defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them, contending that Roslyn was an independent contractor, rather than their employee, so that they were not vicariously liable for her alleged negligence. The Supreme Court, inter alia, granted that branch of the county defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them, and the plaintiff appeals from that portion of the order.

"The doctrine of respondeat superior renders a master vicariously liable for a tort committed by his [or her] servant within the scope of employment. Conversely, the general rule is that an employer who hires an independent contractor is not liable for the independent contractor's negligent acts" (*Rivera v Fenix Car Serv. Corp.*, 81 AD3d 622, 623 [2011]; *see Kleeman v Rheingold*, 81 NY2d 270, 273 [1993]).

"The determination of whether an employer-employee relationship exists turns on whether the alleged employer exercises control over the results produced, or the means used to achieve the results. Control over the means is the more important consideration" (*Abouzeid v Grgas*, 295 AD2d 376, 377 [2002]; *see Rivera v Fenix Car Serv. Corp.*, 81 AD3d at 623). "Factors relevant to assessing control include whether the worker (1) worked at his [or her] own convenience, (2) was free to engage in other employment, (3) received fringe benefits, (4) was on the employer's payroll and (5) was on a fixed schedule" (*Bynog v Cipriani Group*, 1 NY3d 193, 198 [2003]; *see Rivera v Fenix Car Serv. Corp.*, 81 AD3d at 623).

"Minimal or incidental control over a person's work product without direct supervision or input over the means used to complete the work is insufficient to establish a traditional employment relationship" (*Parisi v Loewen Dev. Corp.*, 5 AD3d 646, 647 [2004]; *see Rivera v Fenix Car Serv. Corp.*, 81 AD3d at 623-624). Whether a person is treated for tax purposes as an independent contractor or designated in a contract as an independent contractor, although not dispositive, are also factors to be considered (*see Sanabria v Aguero-Borges*, 117 AD3d 1024, 1026 [2014]; *Hernandez v Chefs Diet Delivery, LLC*, 81 AD3d 596, 599 [2011]).

Here, the county defendants demonstrated their prima facie entitlement to judgment as a matter of law by submitting evidence showing that Roslyn was an independent contractor (*see Sanabria v Aguero-Borges*, 117 AD3d at 1025-1026; *Wecker v Crossland Group, Inc.*, 92 AD3d 870, 871 [2012]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether Roslyn was an employee of the county defendants (*see Wecker v Crossland Group, Inc.*, 92 AD3d at 871; *Barak v Chen*, 87 AD3d 955, 957-958 [2011]; *Abouzeid v Grgas*, 295 AD2d at 377-378). The evidence offered by the plaintiff revealed only minimal or incidental control, which was insufficient to render Roslyn an employee of the county defendants (*see Wecker v Crossland Group, Inc.*, 92 AD3d at 871). Moreover, the fact that some of the duties Roslyn performed as an independent contractor were identical to those she had previously performed

as the county defendants' employee prior to her retirement from their employ in March 2009, did not convert the relationship between the county defendants and Roslyn into one of employer-employee (*see Matter of Westchester County, Civ. Serv. Empls. Assn. v Cimino*, 58 AD2d 869, 870 [1977], *affd* 44 NY2d 985 [1978]).

Accordingly, the Supreme Court properly granted that branch of the county defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. Rivera, J.P., Austin, Maltese and Barros, JJ., concur.