Rosselli v Passalacqua (2018 NY Slip Op 05067)





Rosselli v Passalacqua


2018 NY Slip Op 05067


Decided on July 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2015-10826
 (Index No. 1234/06)

[*1]Patricia Rosselli, appellant, 
v
Joseph T. Passalacqua, et al., respondents, et al., defendant.


Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP, Lake Success, NY (Anthony J. Genovesi, Jr., of counsel), for appellant.
Zisholtz & Zisholtz, LLP, Mineola, NY (Stuart S. Zisholtz of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Laura Lee Jacobson, J.), dated August 14, 2015. The order, insofar as appealed from, denied the plaintiff's motion to reject a referee's report and granted the motion of the defendants Joseph T. Passalacqua and Rosalie Passalacqua to confirm the report, which, after a nonjury trial, inter alia, found that those defendants are not liable to the plaintiff.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff sold a portion of her property in Brooklyn (hereinafter the subject premises) to the defendants Joseph T. Passalacqua and Rosalie Passalacqua (hereinafter together the defendants) on October 20, 1999. The parties entered into a post-closing escrow agreement that same day, which explained that "[t]he parties intend that a lot split whereby the subject premises shall be split from [tax] lot 26 and obtain its own new lot number shall be accomplished." The post-closing escrow agreement obliged the defendants to "take any and all steps to accomplish the lot split within 180 days of the date hereof." It further provided that, "[i]n the event that the [defendants] fail to accomplish the lot split within 180 days, the [plaintiff] shall have the sole right to take steps to accomplish the lot split and seek payment for the cost of same, in excess of $3,000.00, from the [defendants]." In January 2006, the plaintiff commenced this action, inter alia, to recover damages for breach of the post-closing escrow agreement.
At a nonjury trial before a referee, the plaintiff's husband testified that the defendants did nothing to accomplish the lot split within 180 days and then refused to cooperate when presented with certain paperwork to accomplish the lot split in 2005 by merging the subject premises into a neighboring parcel. The defendants and the attorney who represented them during negotiations testified that the plaintiff's husband lulled them into inaction with his frequent assurances that he was taking care of the lot split and that they did not have the power to comply with the plaintiff's 2005 request because it required the consent of the neighboring landowner. That neighbor, while related to the defendants, was not a party to the post-closing escrow agreement and had no legal [*2]interest in the subject premises.
The referee determined, among other things, that the defendants' inaction did not constitute a breach of the agreement because the agreement provided that, if a lot split did not occur within 180 days, the plaintiff bore the burden of accomplishing it. In this regard, the referee determined that the defendants did nothing to prevent the plaintiff from accomplishing the lot split. The referee also expressly resolved credibility issues in favor of the defendants. In the order appealed from, the Supreme Court denied the plaintiff's motion to reject the referee's report and granted the defendants' motion to confirm the report, adding that the plaintiff failed to prove that she sustained any damages, as she had yet to incur costs in excess of $3,000 to accomplish the lot split.
"The recommendations and report of a referee will not be disturbed when they are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (Hudson v Smith, 127 AD3d 816, 816; see IG Second Generation Partners, L.P. v Kaygreen Realty Co., 144 AD3d 641, 643; Stone v Stone, 229 AD2d 388, 388). Here, the record substantially supports the referee's finding that the defendants did not breach the post-closing escrow agreement. Accordingly, we agree with the Supreme Court's determination denying the plaintiff's motion to reject the referee's report and granting the defendants' cross motion to confirm the report.
The parties remaining contentions are either academic in light of our determination or not properly before this Court.
DILLON, J.P., LASALLE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court