Gutierrez v Mount Sinai Health Sys., Inc. (2020 NY Slip Op 06352)





Gutierrez v Mount Sinai Health Sys., Inc.


2020 NY Slip Op 06352


Decided on November 05, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 05, 2020

Before: Gische, J.P., Webber, González, Scarpulla, JJ. 


Index No. 34255/18E Appeal No. 12263-12264 Case No. 2019-5759, 2019-4709 

[*1]Bernadette Gutierrez, Plaintiff-Appellant,
v
Mount Sinai Health System, Inc., et al., Defendants. The Mount Sinai Hospital, Defendant-Respondent.


Sim & DePaola, LLP, Bayside (Sang J. Sim of counsel), for appellant.
Aaronson Rappaport Feinstein & Deutsch, LLP, New York (Steven C. Mandell of counsel), for respondent.



Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered on or about May 3, 2019, which granted so much of the motion of defendants Mount Sinai Health System, Inc., Mount Sinai Health Inc., Mount Sinai Hospitals Group, Inc., The St. Luke's-Roosevelt Hospital Center, Mount Sinai St. Luke's, Mount Sinai West, Addiction Institute of Mount Sinai West and Addiction Institute of Mount Sinai St. Luke's (collectively MS Group), to dismiss plaintiff's first and sixth causes of action, and that portion of the ad damnum seeking punitive damages, unanimously modified, on the law, to reinstate plaintiff's first cause of action and ad damnum for punitive damages, and otherwise affirmed, without costs, Order, same court and Justice, entered on or about July 17, 2019, which, inter alia, granted the motion of defendant The Mount Sinai Hospital (Hospital), to dismiss the complaint as against it, unanimously affirmed, without costs.
While the statute of limitations for intentional torts is one year (CPLR 215), this action is timely pursuant to CPLR 213-c. The language of CPLR 213-c is broad, encompassing claims against "any party whose intentional or negligent acts or omissions are alleged to have resulted in the commission of the said conduct," and not merely the perpetrator (see generally Alford v St. Nicholas Holding Corp., 218 AD2d 622 [1st Dept 1995]). Defendant's argument on this appeal is limited to whether the first cause of action is barred by the statute of limitations. We hold that it is not barred under the express language of the statute which encompasses both intentional and negligent conduct that may have resulted in the assault. CPLR 213-c, however, extends the time of a statute of limitations; it does not create a cause of action where none otherwise exists. We, therefore, do not reach the parties' collateral arguments regarding whether a cause of action for the intentional tort of assault exists against the employer under the facts of this case. Plaintiff's ad damnum seeking punitive damages associated with the first cause of action should also be reinstated as plaintiff pled facts that, if proven, could support such damages (see Loughry v Lincoln First Bank, 67 NY2d 369, 378 [1986]).
The motion court was correct, however, in dismissing plaintiff's sixth cause of action, premised upon the Public Health Law. A detoxification and rehabilitation facility is not a facility governed by the Public Health Law, and is therefore not subject to the private right of action available under Public Health Law § 2801-d(1) (see Hairston v Liberty Behavioral Mgt. Corp., 157 AD3d 404, 406 [1st Dept 2018], lv dismissed 31 NY3d 1036 [2018]).
It was an appropriate exercise of discretion to entertain the motion to dismiss of defendant Hospital (CPLR 3012[d]). The delay was brief and in part caused by plaintiff's counsel's refusal to provide defense counsel, who already represented other defendants in the suit, with a copy of the affidavit of service. Upon hearing the motion, the court properly dismissed plaintiff's complaint against defendant Hospital. The factual allegations set forth against that defendant failed to manifest any cause of action, alleging only that the Hospital was part of a "hospital system" that also included a facility where plaintiff was treated. The complaint does not allege that the hospital employed or controlled the individual who allegedly assaulted plaintiff, or any other facts that would state a cognizable claim, making its dismissal against that party proper.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 5, 2020