(September 24, 1990)

■ DONALD ADAMS, an Infant, by His Mother and Natural Guardian, JESSIE ADAMS, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent.—In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Held, J.), entered February 21, 1989, which, upon a ruling granting the defendant's motion to set aside a jury verdict in favor of the plaintiff, is in favor of the defendant and against him dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

On August 21, 1981, the infant plaintiff was injured when he was struck by a bicycle ridden by a seven-year-old boy while playing in the playground of a residential project owned and operated by the defendant New York City Housing Authority. An action was commenced against the defendant on the infant's behalf. Following the liability portion of the bifurcated jury trial, a verdict was returned in favor of the plaintiff. On the defendant's motion, the trial court set aside the verdict and entered judgment in the defendant's favor. The plaintiff appeals, and we affirm.

It is settled that a municipality acting in its proprietary capacity is under a duty to maintain its park and playground facilities in a reasonably safe condition, which includes the prevention of ultrahazardous and criminal activity of which it has knowledge *(see, Benjamin v City of New York,* 64 NY2d 44; *Nicholson v Board of Educ.,* 36 NY2d 798). Bicycle riding in a playground, however, constitutes neither an ultrahazardous nor a criminal activity *(see, Solomon v City of New York,* 66 NY2d 1026). Thus, the defendant did not breach this duty.

Nor is the defendant accountable to the infant plaintiff for its alleged failure to enforce its house rules prohibiting bicycle riding in the playground, since the promulgation and enforcement of such rules do not constitute the assumption of a

special relationship with the infant plaintiff such that a special duty was owed to him (see, Solomon v City of New York, 66 NY2d 1026, supra).

Under the circumstances, the trial court properly set aside the jury verdict in the plaintiff's favor and dismissed the complaint. Brown, J. P., Kooper, Harwood and Balletta, JJ., concur.