■ BENNY J. SANTELLA et al., Respondents, v JEROME ANDREWS et al., Defendants, and TRI-STATE NEWSPAPER SERVICES, INC., et al., Appellants. [698 NYS2d 631] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered April 13, 1999, which denied the motions of defendants Tri-State Newspapers Services, Inc. and The New York Times for summary judgment dismissing the complaint, unanimously re-

versed, on the law, without costs, the motions granted, and the complaint dismissed as against said defendants. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint as against them.

Plaintiffs commenced this action to recover damages for injuries allegedly sustained by them in a head-on collision between the vehicle in which they were riding and a vehicle driven by Donna Andrews, who was delivering New York Times newspapers on behalf of her husband, Jerome Andrews. Mr. Andrews entered into an Independent Contractor Deliverer Agreement with defendant Tri-State which, in turn, is under contract with defendant New York Times to distribute its publication. His agreement with Tri-State permits Mr. Andrews to hire his own employees and agents to assist him in delivering the New York Times.

On this record, defendant Tri-State cannot be said to exercise sufficient control over the delivery and distribution of newspapers by Mr. Andrews to raise a triable issue of fact as to whether Tri-State should be held vicariously accountable for the acts of Mr. Andrews, his agents and employees (*Kleeman v Rheingold*, 81 NY2d 270, 273-274; *Rosenberg v Equitable Life Assur. Socy.*, 79 NY2d 663, 668). The requirement imposed by the agreement that newspapers be delivered by a certain hour does not create an employer-employee relationship. As this Court has stated, "the mere retention of general supervisory powers over independent contractors cannot be a basis for the imposition of liability for their acts" (*Lazo v Mak's Trading Co.*, 199 AD2d 165, 167, *affd* 84 NY2d 896). The alleged tortfeasor, with whom Tri-State has no contractual relationship, was engaged by her husband and receives compensation and instruction only from him (*see, Matter of Field Delivery Serv. [Roberts]*, 66 NY2d 516, 521). Therefore, there is no relationship, contractual or otherwise, upon which a finding of vicarious liability against either Tri-State or the New York Times for theconduct of Donna Andrews might be predicated (*see, Kavanaugh v Nussbaum*, 71 NY2d 535, 546-547; *Sawh v Schoen*, 215 AD2d 291).

We have reviewed plaintiffs' remaining arguments and find them unavailing. Concur—Sullivan, J. P., Nardelli, Williams, Rubin and Andrias, JJ.