▮ LINDA JONES et al., Respondents, v JOHN J. RICCIARDELLI et al., Appellants, et al., Defendant. (And a Related Action.) [836 NYS2d 879]—In an action, inter alia, to recover damages for medical malpractice, etc., the defendants John J. Ricciardelli and North Shore Medical Associates appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Henry, J.), dated May 3, 2005, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

In order to make a prima facie showing of entitlement to judgment as a matter of law in an action to recover damages for medical malpractice, a defendant hospital or physician must establish through medical records and competent expert affidavits that the defendant did not deviate or depart from accepted medical practice in the defendant's treatment of the plaintiff (see Mendez v City of New York, 295 AD2d 487 [2002]). Here, the Supreme Court correctly determined that the defendants John J. Ricciardelli and North Shore Medical Associates failed to make a prima facie showing of entitlement to judgment as a

matter of law. Therefore, it is unnecessary to consider whether the plaintiffs' opposition raised a triable issue of fact (*see Junco v Ranzi*, 288 AD2d 440 [2001]; *Papadonikolakis v First Fid. Leasing Group*, 283 AD2d 470, 471 [2001]). Schmidt, J.P., Rivera, Santucci and Krausman, JJ., concur.