■ Rocio Chuchuca, Respondent, v Lilia Chuchuca, Respondent, and Gannett Co., Inc., Doing Business as Journal News, Appellant. [890 NYS2d 573]—

In an action to recover damages for personal injuries, the defendant Gannett Co., Inc., doing business as Journal News, appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Liebowitz, J.), entered January 5, 2009, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it and granted that branch of the plaintiff's cross motion which was for leave to serve a supplemental bill of particulars with respect to so much of the complaint as alleged negligent hiring.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the appellant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and substituting therefor a provision granting that branch of the motion which was for summary judgment dismissing so much of the complaint and cross claims as alleged negligence based on a theory of vicarious liability insofar as asserted against the appellant and otherwise denying the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In June 2005 the plaintiff allegedly was injured while riding in a vehicle owned and operated by the defendant Lilia Chuchuca (hereinafter Lilia) when it crashed into a utility pole. At the time of the accident, Lilia and the plaintiff were delivering newspapers. On April 4, 2004, Lilia had entered into a service agreement with the defendant Gannett Co., Inc., doing business as Journal News (hereinafter Gannett), to deliver newspapers as "an independent contractor." This agreement was to be in effect for one year, or until April 5, 2005.

Accordingly to Lilia's deposition testimony, sometime in late 2004, she informed Mark Maida, then the district supervisor of Gannett, that she could no longer work as a delivery person because her license was going to expire and she could not renew it. However, Lilia testified, Maida told her that if she could get someone who had a valid driver's license to sign the service agreement, she could then continue to distribute the newspapers. Lilia's driver's license expired on or about December 4, 2004. On December 9, 2004, Gannett entered into a service contract with Juan Nivicela to deliver the newspapers. Lilia contends that the contract with Nivicela was a sham and that she continued to make the newspaper deliveries. Both Gannett and Maida denied any knowledge of such an "arrangement."

The plaintiff commenced this action against Lilia and Gannett in September 2006, alleging that Gannett was negligent in hiring Lilia and that Lilia negligently operated the vehicle. In her bill of particulars, the plaintiff alleged that Gannett should be held vicariously liable for Lilia's negligent acts.

Gannett moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, contending, inter alia, that it could not be held vicariously liable for the acts of Lilia, since she was an independent contractor. The plaintiff opposed the motion and cross-moved, among other things, for leave to file a supplemental verified bill of particulars with respect to so much of the complaint as alleged negligent hiring. In the order appealed from, the Supreme Court denied the motion and granted the cross motion. We modify.

"The doctrine of respondeat superior renders a master vicariously liable for a tort committed by his servant while acting within the scope of employment" (*Quadrozzi v Norcem, Inc.,* 125 AD2d 559, 561 [1986]; *see Riviello v Waldron,* 47 NY2d 297, 302 [1979]; *Schiffer v Sunrise Removal, Inc.,* 62 AD3d 776 [2009]). Conversely, "[t]he general rule is that an employer who hires an independent contractor is not liable for the independent contractor's negligent acts" (*Rosenberg v Equitable Life Assur. Socy. of U.S.,* 79 NY2d 663, 668 [1992]; *see Kleeman v*

*Rheingold,* 81 NY2d 270, 273-274 [1993]). "The determination of whether an employer-employee relationship exists turns on whether the alleged employer exercises control over the results produced, or the means used to achieve the results. Control over the means is the more important consideration" (*Abouzeid v Grgas,* 295 AD2d 376, 377 [2002]).

Here, Gannett established its entitlement to judgment as a matter of law dismissing so much of the complaint as alleged negligence based on a theory of vicarious liability insofar as asserted against it by demonstrating that it only exercised incidental control over Lilia in the performance of her work and that she was not its employee (*see Duhe v Midence,* 48 AD3d 244 [2008]; *Marino v Vega,* 12 AD3d 329 [2004]; *Rokicki v 24 Hour Courier Serv.,* 294 AD2d 555 [2002]; *Santella v Andrews,* 266 AD2d 62, 63 [1999]; *Matter of Seaver [Glens Falls Newspapers—Hartnett],* 162 AD2d 841 [1990]; *Favale v M.C.P. Inc.,* 125 AD2d 536 [1986]). In opposition, the plaintiff failed to raise a triable issue of fact. However, in light of Lilia's claim that Gannett allowed her to continue to deliver the newspapers after her license expired, there remain issues of fact regarding Gannett's possible negligent "hiring" or retention of Lilia as an independent contractor and, thus, Gannett was not entitled to summary judgment dismissing so much of the complaint as alleged negligent hiring (*cf. Liberty Mut. Fire Ins. Co. v Akindele,* 65 AD3d 673 [2009]; *see generally Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]).

In addition, contrary to Gannett's contention, the allegation of negligent hiring was not newly asserted in the plaintiff's supplemental bill of particulars inasmuch as the original complaint clearly stated that it sought damages for "the negligent hiring and retention of Lilia." Accordingly, the court properly exercised its discretion in granting that branch of the plaintiff's cross motion which was for leave to serve a supplemental bill of particulars with respect to so much of the complaint as alleged negligent hiring (*see* CPLR 3043 [b]; *see also Zenteno v Geils,* 17 AD3d 457 [2005]). Mastro, J.P., Santucci, Eng and Lott, JJ., concur.