■ JOSELITO RIVERA, Respondent, v FENIX CAR SERVICE CORP., Appellant. [916 NYS2d 169]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Partnow, J.), dated May 25, 2010, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court correctly denied the defendant's motion for summary judgment dismissing the complaint, as the defendant failed to establish its prima facie entitlement to judgment as a matter of law. The plaintiff was struck by a vehicle bearing the defendant's logo. The Supreme Court correctly determined that triable issues of fact exist as to whether the defendant exercised sufficient control over the driver of the subject vehicle to give rise to vicarious liability.

The doctrine of respondeat superior renders a master vicariously liable for a tort committed by his servant within the scope of employment. Conversely, the general rule is that an employer who hires an independent contractor is not liable for the independent contractor's negligent acts (see Chuchuca v Chuchuca, 67 AD3d 948 [2009]; Schiffer v Sunrise Removal, Inc., 62 AD3d 776 [2009]). Whether an actor is an independent contractor or an employee is usually a factual issue for a jury (see Carrion v Orbit Messenger, 82 NY2d 742 [1993]; Schiffer v Sunrise Removal, Inc., 62 AD3d 776 [2009]).

The determination of whether an employer-employee relationship exists turns on whether the alleged employer exercises control over the results produced, or the means used to achieve the results. Control over the means is the more important consideration (see Chuchuca v Chuchuca, 67 AD3d 948 [2009]; Kuchinski v Charge & Ride, Inc., 21 AD3d 1062 [2005]; Abouzeid v Grgas, 295 AD2d 376 [2002]). Factors relevant to assessing control include whether the worker worked at his or her own convenience, was free to engage in other employment, received fringe benefits, was on the employer's payroll, and was on a fixed schedule (see Bynog v Cipriani Group, 1 NY3d 193, 198 [2003]; Fenster v Ellis, 71 AD3d 1079 [2010]; Araneo v Town Bd. for Town of Clarkstown, 55 AD3d 516 [2008]).

While minimal or incidental control over an employee's work

product without the employer's direct supervision or input over the means used to complete the work is insufficient to establish a traditional employment relationship (*see Parisi v Loewen Dev. Corp.*, 5 AD3d 646 [2004]; *Bhanti v Brookhaven Mem. Hosp. Med. Ctr.*, 260 AD2d 334 [1999]), the contract here raised questions of fact as to whether the defendant's control over the drivers was more than minimal or incidental, and whether its direction, supervision, and input as to the means used to complete the work were insufficient to establish an employment relationship. Here, a triable question of fact exists as to whether the detailed regulations in the defendant's contract with the drivers went beyond basic standards of conduct and rules of operation, related to more than incidental matters, and constituted the exercise of more than general supervisory powers or incidental control (*cf. Irrutia v Terrero*, 227 AD2d 380 [1996]; *cf. also Holcomb v TWR Express, Inc.*, 11 AD3d 513 [2004]; *Pinto v TWR Express Corp.*, 22 AD3d 481 [2005]; *Abouzeid v Grgas*, 295 AD2d 376 [2002]). Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint, as triable questions of fact exist as to the nature of the relationship between the defendant and the driver of the subject vehicle (*see Devlin v City of New York*, 254 AD2d 16 [1998]). Angiolillo, J.P., Hall, Roman and Cohen, JJ., concur. **[Prior Case History: 28 Misc 3d 797.]**