■ MICHAEL F. SIRIGNANO, ESQ., as Administrator of the Estate of MANUEL VILLEDA, Also Known as MANUEL DEJESUS VILLEDA LEMUS, Deceased, Appellant, v SEAN JENCIK et al., Respondents. [1 NYS3d 147]—

In an action, inter alia, to recover damages for wrongful death, the plaintiff appeals from an order of the Supreme Court, Westchester County (Giacomo, J.), entered January 7, 2013, which granted the defendants' motion for summary judgment dismissing the complaint and denied his cross motion for summary judgment on the issue of liability.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the defendants' motion for summary judgment dismissing the complaint, and substituting therefor a provision denying that motion; as so modified, the order is affirmed, without costs or disbursements.

The defendants, who owned a single-family residence in Westchester, hired the plaintiff's decedent and his brother to cut down trees on their property. The defendants were referred to the decedent's brother by Jorge Cano, a mason they employed.

At the time of the accident, the decedent had been holding onto a guide line attached to a tree being cut down by his brother. When the tree started to fall, the decedent's arm became entangled in the guide line and he was thrown head first into another large tree. The decedent died as a result of the injuries he sustained in this accident.

The plaintiff, on behalf of the decedent's estate, commenced this action to recover damages for negligence, violations of Labor Law §§ 200 and 240, and wrongful death. The defendants moved for summary judgment dismissing the complaint on the ground that they did not exercise control over how the decedent and his brother performed the work which resulted in the accident. The plaintiff opposed the motion and cross-moved for summary judgment on the issue of liability, contending that the decedent's brother was an employee of the defendants who negligently

performed his work, causing the death of the decedent, and that the defendants were responsible for the decedent's brother's actions under the theory of respondeat superior. They also argued that there was a triable issue of fact as to the extent of the direction and control of the work exercised by the defendants. The Supreme Court granted the defendants' motion and denied the plaintiff's cross motion.

"The general rule is that an employer who hires an independent contractor is not liable for the independent contractor's negligent acts" (*Rosenberg v Equitable Life Assur. Socy. of U.S.*, 79 NY2d 663, 668 [1992]; *see Kleeman v Rheingold*, 81 NY2d 270, 273-274 [1993]; *Langner v Primary Home Care Servs., Inc.*, 83 AD3d 1007, 1009 [2011]; *Rivera v Fenix Car Serv. Corp.*, 81 AD3d 622 [2011]). "The determination of whether an employer-employee relationship exists turns on whether the alleged employer exercises control over the results produced, or the means used to achieve the results. Control over the means is the more important consideration" (*Abouzeid v Grgas*, 295 AD2d 376, 377 [2002]; *see Rivera v Fenix Car Serv. Corp.*, 81 AD3d at 624; *Chuchuca v Chuchuca*, 67 AD3d 948, 950 [2009]). Whether a party is an independent contractor or an employee is usually a factual issue for a jury (*see Carrion v Orbit Messenger*, 82 NY2d 742 [1993]; *Schiffer v Sunrise Removal, Inc.*, 62 AD3d 776 [2009]).

The defendants failed to establish their prima facie entitlement to judgment as a matter of law, since the evidence they submitted in support of their motion did not demonstrate the absence of any triable issues of fact (*see Christ v Ongori*, 82 AD3d 1031, 1032 [2011]; *Rivera v Fenix Car Serv. Corp.*, 81 AD3d at 624). In support of their motion, the defendants submitted the deposition transcript of the decedent's brother, who testified that the defendant Sean Jencik, in addition to specifying which trees were to be removed, provided instructions as to how the work was to be performed so that the trees would not fall on to the roadway, which were conveyed to him in Spanish through Cano. Moreover, the decedent's brother testified that the defendants gave the money to pay him and the other workers involved with the tree removal to Cano, who then paid them.

Since the defendants did not sustain their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Accordingly, the Supreme Court improperly granted the defendants' motion for summary judgment dismissing the complaint.

For the same reasons that the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint, the Supreme Court properly denied the plaintiff's cross motion for summary judgment on the issue of liability. Dillon, J.P., Dickerson, Austin and Cohen, JJ., concur.