■ RAYMOND AMENDOLA et al., Respondents, v BROOKHAVEN HEALTH CARE FACILITY, LLC, et al., Appellants. [55 NYS3d 348]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (Mayer, J.), dated March 20, 2015, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants' motion which was for summary judgment dismissing so much of the first cause of action as sought to recover damages for ordinary negligence, and substituting therefor a provision granting that branch of the defendants' motion; as so modified, the order is affirmed, with costs to the plaintiffs.

The plaintiff Raymond Amendola (hereinafter the plaintiff),

and his wife suing derivatively, commenced this action against Brookhaven Health Care Facility, LLC (hereinafter Brookhaven), and The McGuire Group (hereinafter together the defendants) to recover damages for personal injuries the plaintiff contends he sustained during a physical therapy session conducted by a physical therapist at Brookhaven. Following discovery, the defendants moved for summary judgment dismissing the complaint. The Supreme Court denied the defendants' motion.

The Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing so much of the first cause of action as sought to recover damages for ordinary negligence, as the allegations in the complaint only support a cause of action to recover damages for professional malpractice (*see Glasgow v Chou*, 33 AD3d 959, 961 [2006]; *see also D'Elia v Menorah Home & Hosp. for the Aged & Infirm*, 51 AD3d 848, 850 [2008]). However, the court properly determined that the defendants failed to establish, prima facie, that they were not vicariously liable for the alleged professional malpractice of the physical therapists or physical therapy assistants administering rehabilitation services at their facility (*see Sirignano v Jencik*, 123 AD3d 1002, 1003 [2014]; *Rivera v Fenix Car Serv. Corp.*, 81 AD3d 622, 623-624 [2011]; *see also Diller v Munzer*, 141 AD3d 628, 629 [2016]; *Loaiza v Lam*, 107 AD3d 951, 953 [2013]).

With respect to the allegations of professional malpractice, although the defendants made a prima facie showing that they did not deviate from good and accepted standards of physical therapy practice, through the submission of deposition testimony, medical records, and the affidavit of a licensed physical therapist (*see Shank v Mehling*, 84 AD3d 776, 777-778 [2011]), the affidavit of a licensed physical therapist submitted by the plaintiffs in opposition was sufficient to raise a triable issue of fact as to whether the treatment departed from good and accepted physical therapy practice (*see Nisanov v Khulpateea*, 137 AD3d 1091, 1094 [2016]; *Guctas v Pessolano*, 132 AD3d 632, 633 [2015]). Summary judgment is not appropriate in a malpractice action where, as here, the parties adduce conflicting expert opinions (*see Henry v Sunrise Manor Ctr. for Nursing & Rehabilitation*, 147 AD3d 739 [2017]; *Elmes v Yelon*, 140 AD3d 1009, 1011 [2016]).

Additionally, the plaintiffs were not required to raise a triable issue of fact as to causation since the defendants' expert affidavit did not establish, prima facie, that the alleged deviations did not proximately cause the plaintiff's claimed injuries

(*see Seiden v Sonstein*, 127 AD3d 1158, 1162 [2015]; *Trauring v Gendal*, 121 AD3d 1097, 1098 [2014]).

Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was for summary judgment dismissing so much of the first cause of action as sought to recover damages for ordinary negligence, but properly denied that branch of the defendants' motion which was for summary judgment dismissing so much of the first cause of action as sought to recover damages for professional malpractice.

The defendants' remaining contentions are without merit. Mastro, J.P., Sgroi, Maltese and Duffy, JJ., concur. ■