Burgdoerfer v CLK/HP 90 Merrick LLC (2019 NY Slip Op 01532)





Burgdoerfer v CLK/HP 90 Merrick LLC


2019 NY Slip Op 01532


Decided on March 5, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 5, 2019

Sweeny, J.P., Renwick, Gische, Kahn, JJ.


8592 105644/10

[*1]Jane Burgdoerfer, Plaintiff-Respondent, Steven Burgdoerfer, Plaintiff,
v
CLK/HP 90 Merrick LLC, et al., Defendants-Appellants.


Gallo Vitucci Klar LLP, New York (Jessica A. Clark of counsel), for appellants.
Heitz Legal, P.C., New York (Dana E. Heitz of counsel), for respondent.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about January 12, 2018, which denied defendants' motion for summary judgment dismissing the complaint, unanimously modified, on the law, to grant the motion as to defendant CLK/HP 90 Merrick LLC (90 Merrick) and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint as against 90 Merrick.
Plaintiff seeks to recover damages for injuries she sustained when she fell after slipping on water on the white tile floor of a kitchenette area of an office in a building owned by defendant 90 Merrick. She claims that the floor had been dry when she entered the area about 10 minutes earlier. Nonparty Rosa Alvarado, an employee of defendant ABM Janitorial Services-Northeast, Inc. (ABM), was cleaning the area at the time of plaintiff's accident pursuant to a contract between ABM and 90 Merrick. It is undisputed that there was a mop and bucket in the area when plaintiff fell.
Plaintiff's testimony and that of nonparty Olga Robertson, a coworker who was with plaintiff at the time of the accident, provide a nonspeculative basis for plaintiff's version of the accident and establish a nexus between the water on the floor and the circumstances of plaintiff's fall that render it more likely or more reasonable that plaintiff's injuries were proximately caused by Alvarado than by some other agency (see Holliday v Hudson Armored Car & Courier Serv., 301 AD2d 392, 395-396 [1st Dept 2003], lv dismissed in part, denied in part 100 NY2d 636 [2003]). In particular, they testified that the janitor working in the kitchenette had a mop and bucket with her before the accident happened and that after the accident the floor appeared as though it had been recently mopped (see Brown v Simone Dev. Co., L.L.C., 83 AD3d 544, 545 [1st Dept 2011]). Alvarado's testimony that she had not mopped the floor before the accident presents issues of fact as to credibility (see Santos v Temco Serv. Indus., 295 AD2d 218, 218-219 [1st Dept 2002]).
Contrary to ABM's contention, in view of Robertson's testimony that she did not realize that the floor was slippery until she walked on it, an issue of fact exists as to whether the wet floor was an open and obvious condition (see Westbrook v WR Activities-Cabrera Mkts., 5 AD3d 69, 72 [1st Dept 2004]). Furthermore, both plaintiff and Robertson testified that they did not see that the floor had been mopped until after plaintiff fell.
The complaint's allegations that defendants were negligent in their ownership, operation, control and maintenance of the premises by causing or allowing a dangerous condition on the floor gave no indication that plaintiff's theories of liability would include 90 Merrick's negligent retention of ABM or its vicarious liability for ABM's independent contractor's negligence in performing its duties under the contract (see Darrisaw v Strong Mem. Hosp., 74 AD3d 1769, 1770 [4th Dept 2010], affd 16 NY3d 729 [2011]). Notwithstanding, a motion for summary [*2]judgment must be denied if there are issues of fact as to an actionable claim, even if the claim was not properly pleaded (Ramos v Jake Realty Co., 21 AD3d 744, 745 [1st Dept 2005]). Thus, we have searched the record (see Commissioner of the State Ins. Fund v Weissman, 90 AD3d 417, 417 [1st Dept 2011]), and we find that there are no factual issues as to whether ABM was an independent contractor — it was — when the accident happened. The deposition testimony elicited from nonparty CLK Commercial Management, LLC's employee, John S. Burke, the property manager for the building at the time of the accident, and ABM's manager, Victor Orellana, whose duties at the time of the accident included making sure the building was kept clean, shows that 90 Merrick did not direct, supervise or control ABM's work and that an ABM employee had responsibility for supervising and inspecting the work performed by ABM's employees, which comports with the duties and obligations as set forth in defendants' contract (see Chuchuca v Chuchuca, 67 AD3d 948, 950 [2d Dept 2009]).
In addition, 90 Merrick may not be held vicariously liable for the negligence of ABM's employee (see Rosenberg v Equitable Life Assur. Socy. of U.S., 79 NY2d 663, 668 [1992]).
With respect to the theory of negligent retention, plaintiff failed to raise an issue of fact as to whether 90 Merrick knew or should have known of ABM's propensity for the conduct that caused her injury (see Weinfeld v HR Photography, Inc., 149 AD3d 1014, 1015-1016 [2d Dept 2017]; White v Hampton Mgt. Co. L.L.C., 35 AD3d 243, 244 [1st Dept 2006]). The complaints that 90 Merrick received before the accident about ABM's failures to vacuum, dust, take out garbage, or otherwise clean the building on occasions were not sufficiently specific to raise an inference that 90 Merrick knew or should have known that ABM had a propensity for mopping the kitchenette floor negligently (see Bellere v Gerics, 304 AD2d 687, 688 [2d Dept 2003]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 5, 2019
CLERK