State Farm Mut. Auto. Ins. Co. v Klein (2021 NY Slip Op 00322)





State Farm Mut. Auto. Ins. Co. v Klein


2021 NY Slip Op 00322


Decided on January 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2019-08428
 (Index No. 610153/17)

[*1]State Farm Mutual Automobile Ins. Co., etc., plaintiff,
v
Traci B. Klein, et al., defendants third-party plaintiffs-appellants; Recco Health Corporation, et al., third-party defendants-respondents.


Sette & Apoznanski (James G. Bilello, Hicksville, NY [Alina Vengerov], of counsel), for defendants third-party plaintiffs-appellants.
Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Michael T. Reagan of counsel), for third-party defendants-respondents.



DECISION & ORDER
In a subrogation action to recover certain damages paid by the plaintiff to its insureds, the defendants third-party plaintiffs appeal from an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), entered June 13, 2019. The order granted the third-party defendants' motion for summary judgment dismissing the third-party complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this subrogation action to recover payments that it had made to its insureds, Susan Brocato and John Brocato, for property damage to their vehicle arising out of an accident involving John Brocato and the defendant third-party plaintiff Marie A. Michel, which had occurred in December 2016. At the time of the accident, Michel was employed as a caregiver for the defendant third-party plaintiff Traci B. Klein under the Medicaid program known as the Consumer Directed Personal Assistance Program (hereinafter CDPAP) (see Social Services Law § 365-f; 18 NYCRR 505.28). After joining issue, Klein and Michel commenced a third-party action against the third-party defendants, Recco Health Corporation, Recco Home Care Service, Inc., and Recco Senior Companions Service, LLC (hereinafter collectively Recco), seeking, inter alia, indemnification based on the allegation that Recco, which serves as a fiscal intermediary under CDPAP, was Michel's employer at the time of the accident and vicariously liable under a theory of respondeat superior. Recco, which participates in CDPAP as a fiscal intermediary, joined issue and subsequently moved for summary judgment dismissing the third-party complaint on the ground that Michel was not its employee. In an order entered June 13, 2019, the Supreme Court granted Recco's motion. Klein and Michel appeal.
CDPAP is a Medicaid program designed to provide eligible customers significant control over their care by delegating to the customer, inter alia, the responsibility for recruiting, hiring, training, supervising, and terminating the caregiver of their choice (see Social Services Law [*2]§ 365-f[3]; 18 NYCRR 505.28[g]). Fiscal intermediaries, such as Recco, contract with the New York State Department of Health to provide fiscal intermediary support services in order to facilitate the financial aspects of the relationship between CDPAP participants and their chosen caregivers, and to ensure compliance with the Medicaid Program and other state and federal employment laws (see Social Services Law § 365-f[4-a][a][i]; 18 NYCRR 505.28[b][6]). Fiscal intermediary services are limited by law and include wage and benefit processing for consumer directed personal assistants; processing income tax and other required wage withholdings; complying with workers' compensation, disability, and unemployment requirements; maintaining personnel records for the caregivers, including time records and other documentation needed for wages and benefit processing and a copy of the medical documentation required pursuant to regulations established by the commissioner; ensuring that the health status of each consumer directed personal assistant is assessed prior to service delivery pursuant to regulations issued by the commissioner; and monitoring the consumer's or, if applicable, the designated representative's continuing ability to fulfill the consumer's responsibilities under the program (see Social Services Law § 365-f[4-a][a][ii]; 18 NYCRR 505.28[i]).
Here, Recco established, prima facie, that Michel was not its employee at the time of the accident for purposes of imposing vicarious liability upon it under a theory of respondeat superior. In opposition, Klein and Michel failed to raise a triable issue of fact. Vague and conclusory assertions are insufficient to raise a triable issue of fact (see Verela v Citrus Lake Dev., Inc., 53 AD3d 574, 575). Moreover, Hardgers-Powell v Angels in Your Home LLC (330 FRD 89, 108-112 [WD NY]), relied on by Klein and Michel, is distinguishable because that case dealt with the expansive and flexible definition of employment under the Federal Labor Standards Act. As relevant here, the regulatory regime governing CDPAP, as outlined above, does not vest fiscal intermediaries with control over the means or methods the caregivers use to assist their customers, which is the more important consideration in determining an employer-employee relationship for purposes of vicarious liability (see Bynog v Cipriani Group, 1 NY3d 193, 198; Rivera v Fenix Car Serv. Corp., 81 AD3d 622, 623; see also Social Services Law § 365-f[4-a][a][iii]; 18 NYCRR 505.28[i][2]).
In light of our determination, we need not consider the parties' remaining contentions.
Accordingly, we agree with the Supreme Court's determination granting Recco's motion for summary judgment dismissing the third-party complaint.
MASTRO, A.P.J., LASALLE, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court