C.B. v Incorporated Vil. of Garden City (2021 NY Slip Op 03158)





C.B. v Incorporated Vil. of Garden City


2021 NY Slip Op 03158


Decided on May 19, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
REINALDO E. RIVERA
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-05101
 (Index No. 12108/10)

[*1]C. B., etc., et al., appellants,
v Incorporated Village of Garden City, et al., respondents, et al., defendants.


Steven L. Salzman, P.C., New York, NY (David S. Gould of counsel), for appellants.
Cullen and Dykman, LLP, New York, NY (Diana Neyman of counsel), for respondents Incorporated Village of Garden City, Incorporated Village of Garden City Recreation Department, and Tullamore Park.
Karen L. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Marshall D. Sweetbaum and Joel A. Sweetbaum], of counsel), for respondent Brian Tully.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered February 6, 2018. The order, insofar as appealed from, granted that branch of the motion of the defendants Incorporated Village of Garden City, Incorporated Village of Garden City Recreation Department, and Tullamore Park which was for summary judgment dismissing the complaint insofar as asserted against them, and that branch of the cross motion of the defendant Brian Tully which was for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the cross motion of the defendant Brian Tully which was for summary judgment dismissing the complaint insofar as asserted against him, and substituting therefor a provision denying that branch of his cross motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiffs payable by the defendant Brian Tully, and one bill of costs to the defendants Incorporated Village of Garden City, Incorporated Village of Garden City Recreation Department, and Tullamore Park payable by the plaintiffs.
In 2009, the then 2-year-old infant plaintiff allegedly was injured when he was struck by a bicycle ridden by the defendant Brian Tully's son, who was then 2½ years old. The incident occurred inside an enclosed playground area for younger children located in the defendant Tullamore Park in the defendant Incorporated Village of Garden City. Tully was not present at the time of the accident. The defendant Lolita Bhawanie was charged with caring for Tully's son at that time.
The infant plaintiff, by his mother, and his mother suing derivatively, commenced this action to recover damages for personal injuries against the Village, the Incorporated Village of Garden City Recreation Department, Tullamore Park (hereinafter collectively the municipal defendants), Tully, and Bhawanie, among others. The municipal defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them, and Tully cross-[*2]moved, among other things, for summary judgment dismissing the complaint insofar as asserted against him. The Supreme Court granted those branches of the motion and cross motion, and the plaintiffs appeal.
The Supreme Court properly granted that branch of the municipal defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. A municipality has a duty to maintain its parks and playgrounds in a reasonably safe condition (see Solomon v City of New York, 66 NY2d 1026, 1027; Nicholson v Board of Educ. of City of N.Y., 36 NY2d 798, 799). "This duty 'includes not only physical care of the property but also prevention of ultrahazardous and criminal activity of which it has knowledge'" (Solomon v City of New York, 66 NY2d at 1027, quoting Benjamin v City of New York, 64 NY2d 44, 46). Here, the plaintiffs take no issue with the physical care of the property. As we have previously held, "[b]icycle riding in a playground . . . constitutes neither an ultrahazardous nor a criminal activity" (Adams v New York City Hous. Auth., 165 AD2d 849, 849; see Solomon v City of New York, 66 NY2d at 1027-1028). Moreover, the municipal defendants are not accountable to the infant plaintiff for their alleged failure to enforce their regulations prohibiting bicycle riding in the playground, since the promulgation and enforcement of such regulations do not constitute the assumption of a special relationship with the infant plaintiff such that a special duty was owed to him (see Solomon v City of New York, 66 NY2d at 1028; Marino v State of New York, 16 AD3d 386, 387; Adams v New York City Hous. Auth., 165 AD2d at 849-850). Accordingly, the municipal defendants demonstrated their prima facie entitlement to judgment as a matter of law by establishing that they did not breach any duty owed to the plaintiffs. In opposition, the plaintiffs failed to demonstrate the existence of a triable issue of fact.
The Supreme Court erred, however, in granting that branch of Tully's motion which was for summary judgment dismissing the complaint insofar as asserted against him. "The doctrine of respondeat superior renders a master vicariously liable for a tort committed by his [or her] servant within the scope of employment" (Rivera v Fenix Car Serv. Corp., 81 AD3d 622, 623; see Camisa v Rosen, 150 AD3d 809, 810; Meehan v County of Suffolk, 144 AD3d 640, 641). "Pursuant to this doctrine, the employer may be liable when the employee acts negligently or intentionally, so long as the tortious conduct is generally foreseeable and a natural incident of the employment" (Judith M. v Sisters of Charity Hosp., 93 NY2d 932, 933; see Scott v Lopez, 136 AD3d 885, 886).
"Broadly speaking, an employee is someone who works for another subject to substantial control, not only over the results produced but also over the means used to produce the results. A person who works for another subject to less extensive control is an independent contractor" (Matter of O'Brien v Spitzer, 7 NY3d 239, 242). "Factors relevant to assessing control include whether the worker (1) worked at his [or her] own convenience, (2) was free to engage in other employment, (3) received fringe benefits, (4) was on the employer's payroll, and (5) was on a fixed schedule" (Bynog v Cipriani Group, 1 NY3d 193, 198; see Weinfeld v HR Photography, Inc., 149 AD3d 1014, 1015; Rivera v Fenix Car Serv. Corp., 81 AD3d at 623). "Whether an actor is an independent contractor or a servant is usually a factual issue for the jury" (Schiffer v Sunrise Removal, Inc., 62 AD3d 776, 779; see Sirignano v Jencik, 123 AD3d 1002, 1003). Here, the evidence demonstrated that Bhawanie had worked for Tully and his wife continuously from 2007 through 2016, Tully and his wife dictated Bhawanie's work schedule, and Bhawanie had to receive permission from Tully and his wife before engaging in certain activities with their children. Under the circumstances, a triable issue of fact exists on the issue of whether Bhawanie was an employee of Tully, such that vicarious liability may be imposed, or whether she was an independent contractor.
There is also a triable issue of fact as to whether Bhawanie was negligent in supervising Tully's son at the time of the accident. "A person, other than a parent, who undertakes to control, care for, or supervise an infant, is required to use reasonable care to protect the infant over whom he or she has assumed temporary custody or control" (Appell v Mandel, 296 AD2d 514, 514; see Alotta v Diaz, 130 AD3d 660, 661; Mary A. ZZ. v Blasen, 284 AD2d 773, 775). "While a person caring for entrusted children is not cast in the role of an insurer, such an individual is obliged to provide adequate supervision and may be held liable for foreseeable injuries proximately resulting from the negligent failure to do so" (Appell v Mandel, 296 AD2d at 514). Here, the evidence [*3]demonstrated that Tully's son was still learning to ride a bicycle and had trouble controlling his bicycle at the time of the accident. Triable issues of fact exist as to whether Bhawanie was supervising Tully's son at the time of the accident and whether, if he was not supervised, that lack of supervision was negligent under the circumstances.
In light of our determination, we need not reach the plaintiffs' remaining contention.
MASTRO, A.P.J., RIVERA, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court