| |
|---|
| **Skylar v Lenox Hill Hosp.** |
| 2024 NY Slip Op 33176(U) |
| September 6, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 805185/2018 |
| Judge: Kathy J. King |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. KATHY J. KING**                    PART            06

*Justice*

-------------------------------------------------------------------------X

ALAYNE SKYLAR AS EXECUTRIX OF THE ESTATE OF
VERRA KATZ,

                                   Plaintiff,

                               - v -

LENOX HILL HOSPITAL, THE MARY MANNING WALSH
NURSING HOME COMPANY, INC. D/B/A MARY MANNING
WALSH NURSING HOME, VISITING NURSE SERVICE OF
NEW YORK HOME CARE, II

                                  Defendant.

-------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 805185/2018 |
| MOTION DATE | 11/29/2023 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

Upon the foregoing documents, Defendant Lenox Hill Hospital ("Lenox Hill") moves for

an order, pursuant to CPLR § 3212, granting summary judgment and dismissal in its favor, with

prejudice; or alternatively pursuant to CPLR § 3212(c) and (g), granting partial summary

judgment in its favor, and dismissing all claims for which plaintiff is unable to raise a triable

issue of fact, thereby limiting the issues for trial.

Plaintiff, Alayne Skylar, opposes the motion.

Plaintiff is the daughter and Executrix of the Estate of Verra Katz, the Plaintiff's

decedent ("decedent"), and brings this action on behalf of the Estate alleging causes of action in

medical malpractice and negligence.  The complaint alleges that Defendant, Lenox Hill, was

negligent, and that said negligence proximately caused decedent, while she was a patient, to

sustain injuries including a sacral pressure ulcer, a right lower back pressure ulcer, infection,

**805185/2018  SKYLAR, ALAYNE vs. LENOX HILL HOSPITAL**
**Motion No.  003**

Page 1 of 7

1 of 7

[* 1]

sepsis, necrosis, deep tissue injury, dehydration, malnutrition, emotional trauma, and pain and suffering. The gravamen of the Plaintiff's claim is that the doctors, nurses and aides at Lenox Hill deviated from good and accepted medical and nursing care, resulting in the development and/or deterioration of decedent's sacral and right lower back pressure ulcers. Additionally, Plaintiff alleges that the failure to diagnose and properly treat said pressure ulcers could have been avoided with proper medical and nursing care, including, *inter alia*, the implementation of a care plan for pressure ulcer prevention and implementation of interventions to avoid the formation of pressure ulcers.

Defendant now moves for summary judgment dismissing Plaintiff's claims pursuant to CPLR 3212 and contends that there was no departure from good and accepted medical practice in its care and treatment of the decedent Verra Katz resulting in the alleged injuries set forth in the complaint.

On November 14, 2016, the decedent was admitted to Lenox Hill due to altered mental status. The medical record indicates that at the time of admission she was 98 years old, in a state of malnutrition and dehydration, and suffering from a urinary tract infection and incontinence. The record shows that she had a previous history of colon cancer and dementia. The record also notes that decedent had complete dependence with mobility and was incontinent. Her condition eventually stabilized, and on November 24, 2016, she was discharged and transported to Co-Defendant Mary Manning Nursing Home ("Mary Manning") for hospice care by SeniorCare Emergency Medical Services ("SeniorCare").

It is well-settled that "[t]o sustain a cause of action for medical malpractice, a plaintiff must prove two essential elements: (1) a deviation or departure from accepted practice, and (2) evidence that such departure was a proximate cause of plaintiff's injury" (*Frye v Montefiore*

805185/2018   SKYLAR, ALAYNE vs. LENOX HILL HOSPITAL
Motion No. 003

Page 2 of 7

2 of 7

[* 2]

*Med. Ctr.*, 70 AD3d 15, 24 [1st Dept 2009]; *see Roques v Noble*, 73 AD3d 204 [1st Dept 2010]; *Elias v Bash*, 54 AD3d 354 [2d Dept 2008]; *DeFilippo v New York Downtown Hosp.*, 10 AD3d 521 [1st Dept 2004]). A defendant moving for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law by establishing the absence of a triable issue of fact as to an alleged departure from accepted standards of medical practice (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Frye v Montefiore Med. Ctr.*, 70 AD3d 15), and by establishing that the plaintiff was not injured by such treatment (*see McGuigan v Centereach Mgt. Group, Inc.*, 94 AD3d 955 [2d Dept 2012]; *Sharp v Weber*, 77 AD3d 812 [2d Dept 2010]; *see generally Stukas v Streiter*, 83 AD3d 18 [2d Dept 2011]). To satisfy this burden, a defendant must present expert opinion testimony that is supported by the facts in the record, which address and rebuts specific allegations of malpractice set forth in the plaintiff's complaint or the bill of particulars, and is detailed, specific, and factual in nature (*see Roques v Noble*, 73 AD3d at 206; *Joyner-Pack v. Sykes*, 54 AD3d 727 [2d Dept 2008]; *Koi Hou Chan v Yeung*, 66 AD3d 642 [2d Dept 2009]; *Jones v Ricciardelli*, 40 AD3d 935 [2d Dept 2007]). Furthermore, to satisfy the burden on a motion for summary judgment, admissible forms of proof include affidavits, pleadings, written admissions, deposition testimony and medical records (*Id.*; *Olan v Farrell Lines*, 64 NY2d 1092, 489 NYS2d 884 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 427 NYS2d 595 [1980]). Once the proponent makes a prima facie showing, the burden shifts to the opposing party "to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (*Alvarez*, 508 NYS2d at 925; *see also Menzel v Plotnick*, 202 AD2d 558 [2d Dept 1994]; *Salamone v Rehman*, 178 AD2d 638 [2d Dept 1991]). (*see Zuckerman v City of New York*, 49 NY2d 557, 558-59 [1980]).

805185/2018   SKYLAR, ALAYNE vs. LENOX HILL HOSPITAL                     Page 3 of 7
Motion No.  003

3 of 7

In support of the motion, the Defendant submits the affirmation of Dr. Roy J. Goldberg, a board-certified Internist, who opines with a reasonable degree of medical certainty, based upon a review of the pleadings, bills of particulars, decedent's medical records and the deposition transcripts in this matter. Specifically, Dr. Goldberg opines that Lenox Hill 1) provided decedent with proper nutritional supplementation to address her pre-existing malnutrition; 2) properly assessed decedent with respect to risk for the development of pressure ulcers and instituted protocols to prevent them, such as turning and positioning every two hours and addressing her nutrition issues, which were proper and within the standard of care; and 3) conducted daily skin checks during decedent's admission which showed that the decedent was free of ulcers while at Lenox Hill, and that as a result, Lenox Hill did not deviate in any manner from the standard of care. Dr. Goldberg's opinion is consistent with the Patient Care Report created by SeniorCare which showed that there were no lower back abnormalities observed prior to transport to Mary Manning; He points out that the medical records show that the decedent developed a sacral/lower back pressure while under the care of Mary Manning, and notes that on admission to Mary Manning that except for an "abrasion" on her back, the decedent had no open wounds or pressure ulcers. Dr. Goldberg also opines that the Mary Manning documentation on November 28, 2016, mistakenly indicated that a stage two pressure injury to decedent's sacrococcygeal ulcer was "present on admission" since there is no documentation four days prior to that date that a pressure ulcer was observed.

He further opines that Plaintiff's claims of failing to hire proper personnel, failing to institute adequate policies and procedures for the prevention and treatment of pressure ulcers and failing to adhere to such policies are without merit, as evidenced by the preventative measures employed by the staff at Lenox Hill. Citing the decedent's medical record, Dr. Goldberg further

805185/2018   SKYLAR, ALAYNE vs. LENOX HILL HOSPITAL
Motion No.  003

Page 4 of 7

4 of 7

[* 4]

opines that Lenox Hill did not deviate from the standard of care in treating the decedent and that the care and treatment rendered was not the proximate cause of the decedent's alleged injuries, since the records do not document Plaintiff's claims of infection and sepsis; instead, the records show that decedent was admitted to treat sepsis due to a urinary tract infection, and that she did not acquire any infection, deep tissue injury or necrosis during the admission.

The Court finds that based on Dr. Goldberg's affirmation, Defendant has met its burden to establish prima facie entitlement to judgment as a matter of law that Lenox Hill did not deviate from the standard of care in treating Plaintiff during the admission of November 14 to November 24, 2016, and that such deviation was not the proximate cause of plaintiff's injuries (*see Zuckerman*, 49 NY2d 557; *see also Alvarez*, 68 NY2d 320; *Frye v Montefiore Med. Ctr.*, 70 AD3d 15 [2009]; *Bahnyuk v Reed*, 174 AD3d 481 [1st Dept 2019]).

In opposition, Plaintiff submits the expert affirmation of "Expert A"[1] who is board certified in Internal and Geriatric Medicine, to rebut Defendant's prima facie showing. Expert A opines, to a reasonable degree of medical certainty, based on a review of the decedent's medical records, pleadings, bills of particulars, deposition transcripts, and the exhibits annexed to Defendant's moving papers.

Specifically, Expert A opines that the Lenox Hill doctors, nurses and aides deviated from good and accepted medical and nursing care. According to Expert A, decedent was at a high risk for developing pressure ulcers based on her age, past medical history, poor nutritional status, incontinence and limited mobility, and the standard of care required 1) proper turning and positioning every two hours, rather than every four hours as was ordered three days after admission on November 17, 2016; 2) implementing a care plan for pressure ulcer prevention;

---

[1] In the affirmation, Plaintiff's expert name has been redacted; Plaintiff's expert is hereinafter referred to as "Expert A."

**805185/2018  SKYLAR, ALAYNE vs. LENOX HILL HOSPITAL**
**Motion No. 003**

Page 5 of 7

and 3) interventions to avoid the formation of pressure ulcers. Expert A opines that these deviations in the standard of care was the proximate cause in the development and/or deterioration of decedent's sacral and right lower back pressure ulcers, emotional trauma and pain and suffering.

Expert A also disputes Dr. Goldberg's opinion that decedent did not have a sacral ulcer upon admission to Mary Manning, based on the admission record documenting that on November 24th, 2016, the decedent had a "[s]tage 2 sacral pressure ulcer" and a right lower back skin breakdown.

In opposition, Expert A's affirmation has raised triable issues of fact as to whether the decedent developed a pressure ulcer during the Lenox Hill admission; whether the decedent was ordered to be turned and positioned every four hours or every two hours while at Lenox Hill; whether a "body check" was done by the SeniorCare ambulance personnel, and if so, whether a pressure sore was present; and whether the decedent had a stage two sacral pressure ulcer and right lower back skin breakdown upon admission to Mary Manning, or whether those conditions developed after admission to Mary Manning on November 24, 2016.

Here, Expert A established the requisite nexus between the malpractice allegedly committed by Defendants and resulting injury, thereby rebutting the Defendant's prima facie showing (*Alvarez,* 68 NY2d at 324; *Mignoli v Oyugi,* 82 AD3d 443, 918 NYS2d 86 [1st Dept 2011]). The Court finds that the conflicting expert affidavits of Plaintiff and Defendant raise triable issues of fact (*see Roques v Noble,* 73 AD3d 204, 206, 899 NYS2d 193 [1st Dept 2010]). "Summary judgment is not appropriate in a malpractice action where, as here, the parties adduce conflicting expert opinions" because "[s]uch credibility issues can only be resolved by a jury" (*Hayden v Gordon*, 91 AD3d 819, 821 [2d Dept 2012]; *Feinberg v Feit*, 23 AD3d 517 [2d Dept

805185/2018  SKYLAR, ALAYNE vs. LENOX HILL HOSPITAL
Motion No. 003

Page 6 of 7

6 of 7

2005]; *Griffin v Cerabona*, 103 AD3d 420 [1st Dept 2013]; *Amendola v Brookhaven Health Care Facility, LLC*, 150 AD3d 1061 [2d Dept 2017]).

The Court notes that Expert A does not refute Dr. Goldberg's opinion as to Lenox Hill's negligence, and whether such negligence proximately cause decedent to suffer from infection, sepsis, dehydration; or malnutrition, and therefore these claims must be dismissed.

Accordingly, it is hereby

**ORDERED**, that the prong of Defendant's motion seeking partial summary judgment, pursuant to CPLR § 3212(c) and (g), is granted to the extent of dismissing Plaintiff's claims that Defendant's negligence proximately caused the decedent to suffer from infection, sepsis, dehydration and malnutrition, and in all other respects, the motion is denied.

This constitutes the Decision and Order of the Court.

9/6/24

**DATE**

KATHY J. KING, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**805185/2018   SKYLAR, ALAYNE vs. LENOX HILL HOSPITAL**
  Motion No.  003

**Page 7 of 7**

7 of 7

[* 7]